366 So.2d 1221 (1979)
Nina DIAMOND, Adele Diamond and William Diamond, Appellants,
v.
E.R. SQUIBB AND SONS, INC., Appellee.
No. 78-980.
District Court of Appeal of Florida, Third District.
January 30, 1979.
Rehearing Denied February 19, 1979.
*1222 Weinstein & Krasnow, Miami Beach, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellee.
Before HAVERFIELD, C.J., and HUBBART and KEHOE, JJ.
PER CURIAM.
Plaintiffs Nina Diamond and her parents, Adele and William Diamond, appeal a summary final judgment for the defendant drug manufacturer based upon the determination that their action for product liability is barred by the applicable statute of limitations.
Defendant, E.R. Squibb and Sons, Inc., manufactured a drug for pregnant women called "Stilbetin", more commonly referred to as DES (diethylstilbestrol). During the period of her pregnancy with Nina from July 1955-April 1956, Adele was prescribed and ingested Stilbetin. Subsequently in May 1976 the Diamonds learned that Stilbetin was a cancer producing agent and females whose mothers had ingested the drug were developing cancerous or precancerous vaginal contamination as a result. Thereupon, the Diamonds in April 1977 filed the instant complaint for damages against Squibb on the grounds of negligence and strict liability. They alleged that (1) Squibb knew or should have known[1] that Stilbetin was a defective and a cancer producing agent prior to the administration of the drug to Adele Diamond and (2) Nina has developed or will develop cancerous lesions. Squibb moved for summary judgment on the ground that this action was commenced well in excess of 12 years after the last date of delivery of the drug (i.e. April 1956) and, therefore, was barred by the applicable statute of limitations, Section 95.031(2), Florida Statutes (1977).[2] After a hearing, summary judgment was entered for Squibb and the Diamonds appeal.
Section 95.031(2), Florida Statutes (1977) clearly requires that product liability actions as in the instant case be brought within 12 years after the date of delivery of the completed product to the original purchaser regardless of when the defect in the product should have been discovered. The present action being filed well after this 12-year period, the trial court correctly entered summary judgment for Squibb. See *1223 Bauld v. J.A. Jones Const. Co., 357 So.2d 401 (Fla. 1978).
Affirmed.
NOTES
[1] by proper testing.
[2] "§ 95.031

LIMITATIONS
* * * * * *
"(2) Actions for products liability and fraud under subsection (3) of § 95.11 must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection (3) of § 95.11, but in any event within twelve (12) years after the date of delivery of the completed product to its original purchaser or the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered." [Emphasis Supplied]