431 So.2d 620 (1983)
Ruben VILARDEBO and Evelia Vilardebo, Appellants,
v.
KEENE CORPORATION, et al., Appellees.
No. 81-462.
District Court of Appeal of Florida, Third District.
April 12, 1983.
Rehearing Denied June 10, 1983.
*621 Robles & Robles and Louis S. Robles, Miami, and Frederick M. Baron & Associates and Brent M. Rosenthal, Dallas, Tex., for appellants.
Lee, Schulte, Murphy & Coe and Jack M. Coe, Jupiter, Harold C. Knecht, Jr., Coral Gables, and Debra M. Levy, Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Susan J. Cole, Miami, Shackleford, Farrior, Stallings & Evans and Howard M. Acosta and Clark Jordan-Holmes, Tampa, Kermit G. Kindred, Wicker, Smith, Blomqvist, Davant, Tutan, O'Hare & McCoy, Miami, and Janet R. Riley, Miami Beach, Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Miami, for appellees.
Before BASKIN and JORGENSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN (Ret.) Associate Judge.
This appeal is from a final summary judgment for the defendants in an action in which the plaintiff, Ruben Vilardebo, claims personal injury caused by his exposure to asbestos dust during his work as an employee of the Tampa Ship Building and Engineering Company. The defendants, appellees here, are alleged by the plaintiffs to be the manufacturers, sellers or distributors of the asbestos products to which plaintiff was exposed. The summary final judgment for the appellees was entered after the plaintiff answered interrogatories showing that he could not identify the individual product or products which caused his injury. No other discovery was had.
The trial judge has properly recited the exact grounds upon which he determined that there was no genuine issue of fact and that the appellees were entitled to a final judgment as a matter of law. They are as follows:
2. Summary Final Judgment is hereby entered in favor of all Defendants because the Plaintiffs' claim is barred by 95.031(2) Florida Statute.
3. Summary final judgment is further hereby entered in favor of KEENE CORPORATION, NICOLET INDUSTRIES and UNARCO INDUSTRIES INC.[1] because the pleadings, Interrogatories and Affidavit show that the Plaintiff has failed to identify any products of these Defendants which the Plaintiff either used or was exposed to. Therefore, the record affirmatively demonstrates that there is no basis for any liability against these Defendants.
4. The Court makes no determination as to whether the claim of the Plaintiffs may be barred for any other reason.
The first question for consideration is whether it appears as a matter of law that plaintiffs' claim is barred by Section 95.031(2), Florida Statutes (1977). This section is a special statute of limitations. It provides:
Actions for products liability and fraud under subsection 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection 95.11(3) but in any event within 12 years *622 from the date of delivery of the completed product to its original purchaser or the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
In Diamond v. E.R. Squibb and Sons, 397 So.2d 671 (Fla. 1981), the Supreme Court of Florida had before it the case of a young woman who had been exposed to an allegedly harmful drug during the years 1955 and 1956, but who did not learn of the ill effects of the drug until 1976. The court held that Section 95.031(2) could not be applied to bar the Diamonds' action because their right of action did not come into existence until after the statute's twelve-year limitation period had run. Relying on its previous decision in Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979), the court stated that such an application of the statute would be violative of the right of access to the courts guaranteed by Article I, Section 21, Florida Constitution. Diamond v. E.R. Squibb and Sons, 397 So.2d at 672.
In the present case, the plaintiff's allegedly hazardous employment commenced in 1941 and terminated in 1947. The plaintiff stated in discovery that he did not learn of the existence of his asbestos-related disease until he was diagnosed by a physician in August, 1976. The appellees offered no evidence that he knew or should have known of the disease and its cause at an earlier date. On this record, the twelve-year bar portion of Section 95.031(2), if applied, would foreclose the plaintiff's cause of action before he received any indication that it existed. Under the rule set forth in Diamond v. E.R. Squibb and Sons, supra, and Overland Construction Co. v. Sirmons, supra, to so apply the statute would be unconstitutional. It is clear, therefore, that at this stage of the proceedings a material issue of fact exists as to whether Section 95.031(2) may constitutionally bar the plaintiffs' action. Accordingly, the summary judgment cannot be sustained on ground # 2 set forth in the judgment.[2]
The trial judge gave an additional ground for the summary judgment with respect to certain other of the appellees. He found upon the pleadings, the answers to interrogatories and the plaintiff's affidavit that the plaintiff failed to identify any products of these appellees which he either used or was exposed to. It is apparent that this ground would be a proper one for a directed verdict at trial. However, it is now clear from Holl v. Talcott, 191 So.2d 40 (Fla. 1966), and the many summary judgment cases following it, that the burden is not on a plaintiff to prove his cause upon a defendant's motion for summary final judgment. Rather, it is for the defendant, movant, to show affirmatively that there is no genuine material issue upon the defense that he, the defendant, is urging. See Heffernan v. Consolidated Aluminum, Inc., 387 So.2d 515 (Fla. 4th DCA 1980). Therefore, a plaintiff's failure to prove cannot be a proper basis for a summary final judgment for a defendant. Although there may arise rare instances where it affirmatively appears from the pleadings, affidavits and discovery that a plaintiff will not at trial be able to prove his case as to one or another or all of the defendants, e.g., Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla. 1959); Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975), it is sufficient to say that our review of this record does not show a basis for a holding that without genuine issue the plaintiff cannot show exposure to the products of the appellees mentioned in ground # 3 of the trial court's order.
Having reviewed the record, we find no other basis upon which the final summary judgment can be sustained. Therefore, the judgment is reversed and the cause remanded for further proceedings in accordance with the views herein set forth.
Reversed and remanded.
NOTES
[1] By order of this court entered during the pendency of this appeal, Unarco Industries, Inc. was severed from the proceedings and the appeal was abated as to that company.
[2] It should be noted that when the trial court granted summary judgment, it did not have the benefit of the Supreme Court's decision in Diamond v. E.R. Squibb and Sons, supra, quashing this court's opinion in Diamond v. E.R. Squibb and Sons, 366 So.2d 1221 (Fla. 3d DCA 1979).