JOANOS, Judge.
The Rubleys appeal summary final judgments entered in favor of Keene Corporation (“Keene”) and Pittsburgh Corning Corporation (“PCC”) in suits by the Rubleys against those companies for damages associated with Mr. Rubley having contracted an asbestos-related disease. Because Keene and PCC did not affirmatively demonstrate the absence of a genuine issue of material fact, we reverse and remand for further proceedings.
The Rubleys filed a complaint against Keene, PCC and other asbestos producing companies alleging Mr. Rubley was ex *676 posed to their asbestos containing products while working as a pipefitter from 1940 to 1978 and at Brookley Field in Mobile, Alabama, and Jacksonville NAS, his last two places of employment. The Rubleys further alleged the companies knew or should have known of harmful consequences of exposure to foreseeable users such as Rub-ley, and the companies breached a duty to Rubley by failing to adequately warn of potential harm from exposure, failing to provide reasonable instructions for safe use of the products, failing to warn of steps to take to reduce harmful effects of previous exposure, and continuing to design, manufacture, and market asbestos containing products after it became feasible to design, manufacture, and market comparable insulation without asbestos. The Rubleys alleged that as a direct and proximate result of the above, Mr. Rubley developed an asbestos-rélated disease.
The basis for Keene’s and PCC’s allegation on motion for summary judgment that there was no proof of exposure to their products was Mr. Rubley’s deposition testimony that he personally could not say whether Keene’s and PCC’s products had been used at the jobsites. The only products he personally recalled being at the jobsites were manufactured by Johns-Man-ville. He had also contacted Mr. Sims, an insulator at Jacksonville NAS, who mentioned that products from Johns-Manville, Phillip Carey, and Kaylo had been used. In his deposition, Mr. Rubley also said his efforts to determine what products were used in Mobile from 1947-1966 had been unsuccessful.
This deposition testimony of Mr. Rubley does not constitute affirmative evidence that the products in question were not used at the alleged jobsites, and it is insufficient to establish the non-existence of a genuine issue of material fact as to whether Keene’s and PCC’s products were used at those sites, see Holl v. Talcott, 191 So.2d 40 (Fla.1966). In order to prevail on summary judgment at this point in the litigation, Keene and PCC would have to offer affirmative evidence that their products were not used at the jobsites at the time in question or that for some reason it was impossible that Mr. Rubley was exposed to their products at those sites. “The burden of the movant in a motion for summary judgment is not simply to show that the facts support his theory of the case but rather to demonstrate that the facts show that the party moved against cannot prevail,” Burkett v. Parker, 410 So.2d 947 (Fla. 1st DCA 1982). At this stage of the litigation it is not required that the’ evidence be “such as would support a judgment for the plaintiff if the case was submitted to the jury solely on the basis of the evidence now in the record,” Croft v. York, 244 So.2d 161 (Fla. 1st DCA 1971) cert, denied 246 So.2d 787 (Fla.1971).
In their arguments, the parties have offered varying interpretations of a case decided by the Third District on facts very similar to those in the instant case, Vilar-debo v. Keene Corp., 431 So.2d 620 (Fla. 3rd DCA 1983). In Vilardebo, summary judgment was based on plaintiff’s answers to “interrogatories showing that he could not identify the individual product or products which caused his injury. No other discovery was had,” 431 So.2d at 621. The court analysed the issue as follows. “[T]he burden is not on a plaintiff to prove his cause upon a defendant’s motion for summary final judgment. Rather, it is for the defendant, movant, to show affirmatively that there is no genuine material issue upon the defense that he, the defendant, is urging.... Therefore, a plaintiff’s failure to prove cannot be a proper basis for a summary final judgment for a defendant.” 431 So.2d at 622. We agree with this analysis.
Appellee Keene contends that Vilardebo has been indirectly disapproved by the supreme court in Celotex Corp. v. Copeland, 471 So.2d 533 (Fla.1985), in which, Keene contends, the supreme court “rejected the ‘market share’ or ‘enterprise liability’ theory of liability.” Keene argues further that the Third District’s opinion in Copeland, which the supreme court overruled, was “the natural consequence of Vilardebo,” thus the supreme court opinion in Celotex *677 effectively overruled Vilardebo. We disagree. Keene’s statement that the supreme court rejected the market share theory of liability in Celotex is incorrect. In fact, the court said, “we do not find it necessary to accept or reject the market theory approach; rather, we find that, since Copeland has identified several of the named defendants as having manufactured the products that caused his injury, this case neither requires nor justifies the major policy change necessary to adopt the market share theory in Florida.” Earlier in that opinion the court stated “[o]ur holding is based principally upon the fact that Copeland was able to identify many of the manufacturers of the products to which he was exposed.” Copeland’s ability “to identify many of the manufacturers” is in contrast to the ability of Mr. Rubley personally to recall only one manufacturer and the inability of the plaintiff in Vilardebo to identify specific products.
To reiterate, we reverse and remand because appellees did not meet their burden of proving by affirmative evidence the nonexistence of a genuine issue of material fact. The summary final judgment is reversed and remanded.
ERVIN and BARFIELD, JJ., concur.