DOWNEY, JAMES C., Senior Judge.
In these consolidated cases appellants, Mildred and Curtis Hadley, appeal from summary judgments granted to the defendants in each of said cases.
It appears that Mildred and Curtis were guests at a wedding reception held at the Holiday Inn Plantation. While they were dancing, Mildred stepped backwards off the edge of the dance floor, fell and was injured. Suit was commenced against the owner of the premises, Davjoy, Inc., d/b/a Holiday Inn Plantation, charging the defendant-owner with negligently maintaining its premises by utilizing a temporary dance floor with a steep drop-off on the edges and with failure to warn of said dangerous condition. The amended complaint further charged appellee, Sico International, as manufacturer of the temporary dance floor, with negligent design thereof due to the steep drop-off between the dance floor and the hotel banquet hall floor.
A Uniform Pretrial Order and Order Setting Trial.was entered in March 12, 1991, which required the parties to disclose their respective expert witnesses “60 days before the beginning of the trial period [the referenced trial period was “two weeks commencing June 17, 1991.”] The Hadleys filed a notice of expert witnesses on April 22, 1991, naming two doctors. On May 6, 1991, the Hadleys filed a supplemental notice of .expert witnesses naming Ronald Zoilo, an engineering expert. A motion to strike said notice as untimely was filed. The Hadleys moved to compel an examination of the premises and, on May 9, 1991, the court struck the untimely notice of expert witness and denied the Hadleys’ motion to allow their expert Zoilo to examine the premises. Shortly thereafter, Holiday Inn filed its motion for summary judgment, which was granted, and final judgment was *51 entered for appellee Holiday Inn Plantation on July 20, 1991.
On August 2, 1991, the Hadleys filed a motion to add Roland Zoilo as an expert witness, stating therein that the case was not tried during the original setting in June and was reset for October 7, 1991. An agreed order was entered allowing the addition of Zoilo as an expert witness for the Hadleys.
On August 9, 1991, Sico filed its motion for summary judgment. The Hadleys then filed an affidavit by their expert, Zoilo, stating that, after an inspection of the temporary dance floor in question, he found it to be an unreasonably dangerous design with thirty degree excessive slope on the edges. Nevertheless, the trial court entered final summary judgment for Sico finding, as a matter of law, that the condition of the dance floor does not constitute a dangerous condition.
On the basis of the record presented and existing legal precedent, we hold that the trial court committed reversible error in granting summary judgments in favor of the two appellees herein.
In the case of Sico, the record contained the affidavit of Ronald Zoilo, a civil and architectural engineer whose substantial qualifications were attached to his affidavit. His affidavit sets forth the opinion that the dance floor in question was negligently designed due to the excessive slope on the edges of the floor. That, in combination with the use of high heels in dancing, made the dance floor unreasonably dangerous in his opinion. Thus, we hold that the issue in this case involves a fact question rather than one of law.
Adverting now to the summary judgment in favor of appellee Holiday Inn, we hold once again that the question is one of fact, not law. We have not overlooked the cases relied on by the learned trial judge, particularly those holding that elevation changes in the floors between rooms in a residential setting is not an inherently dangerous condition. Schoen v. Gilbert, 436 So.2d 75 (Fla.1983), and Casby v. Flint, 520 So.2d 281 (Fla.1988). However, the present case deals with a commercial setting, which generally results in a different standard of care, Holland v. Baguette, Inc., 540 So.2d 197 (Fla. 3d DCA1989), and Ainsworth v. Intercontinental Hotels Corp., 467 So.2d 386 (Fla. 3d DCA), pet. for rev. dismissed, 475 So.2d 694 (Fla.1985), and with an elevation change in the middle of the room—rather than between different rooms. Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA1985). Furthermore, we believe the trial court erred in granting summary judgment to Holiday Inn because, at the hearing on summary judgment, there was evidence offered that would arguably establish a cause of action for negligence due to the poor lighting around the dance floor. That evidence in itself demonstrates that the plaintiffs may be able to show a good cause of action by amended pleading and proof. The Hadleys were entitled to the opportunity to pursue this possibility also. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1963), Sea Shore Motel Corporation v. Fireman’s Fund Insurance Company, 233 So.2d 651 (Fla. 4th DCA1970).
Finally, we point out the general rule that summary judgments should be granted sparingly in negligence cases. Lombard v. Executive Elevator Service, 545 So.2d 453 (Fla. 3d DCA 1989). We note also the unique, or at least unusual, factor existent here, i.e., we are dealing with the likely possibilities of distraction from the usual norm requiring a person to look where she is walking or stepping. The distraction factor could well influence a jury on resolving the issues of negligence under the circumstances of this case. See Regency Lake Apartments Associates, Ltd. v. French, 590 So.2d 970 (Fla. 1st DCA1991).
For the foregoing reasons we hold this case was not appropriate for summary judgment. Accordingly, we reverse both summary judgments and remand for further proceedings.
GUNTHER and POLEN, JJ., concur.