708 So.2d 956 (1997)
Robin PERTL, individually and as Personal Representative of the Estate of George Pertl, deceased, Appellant,
v.
EXIT INFORMATION GUIDE, INC., a Florida corporation and Scotty's Inc., formerly known as Scotty's Home Builders Supply, Inc., a Florida corporation, Appellees.
No. 97-1056.
District Court of Appeal of Florida, First District.
December 31, 1997.
Rehearing Denied April 30, 1998.
*957 Stephen J. Pajcic, III and Katherine Brown, Jacksonville; William A. Bald of Dale, Bald & Altes, P.A., Jacksonville, for Appellant.
Carl B. Schwait and Kelly B. Pritchard, Gainesville; C. Gary Moody, Gainesville, for Appellee Exit Information Guide, Inc.
Craig J. Cannon of Weiner & Cannon, P.A., Ocala, for Appellee Scotty's, Inc.
JOANOS, Judge.
This appeal is from a summary final judgment. We reverse as to the judgment in favor of Exit Information Guide, Inc. ("Exit") and affirm as to the judgment in favor of Scotty's Inc. ("Scotty's").
George Pertl owned Five Star Painting. He was contacted by Exit and hired to paint the roof and make other repairs to one of Exit's buildings. In the process of working on the building, Pertl fell through a skylight and was fatally injured. The estate's personal representative, Robin Pertl, brought suit against Exit and Scotty's, the former owner of the building, alleging negligence against both corporate entities, and strict liability against Scotty's. Ultimately, summary judgment was granted in favor of both defendants.
We have determined that the trial court erred in granting summary judgment in favor of Exit. Pertl, as an independent contractor, had the status of a business visitor, or invitee, upon the premises owned by Exit. Hall v. Holland, 47 So.2d 889, 891 (Fla.1950). As such, Exit owed Pertl the duty:
to use reasonable care in maintaining the premises in a reasonably safe condition and to give the plaintiff timely notice and warning of latent and concealed perils, known to the defendant or which by the *958 exercise of due care should have been known to him, and which were not known by plaintiff or which by the exercise of due care could not have been known by him. Id.

An owner is entitled to assume that the invitee will perceive what would be obvious to the invitee with the ordinary use of his senses, and is not required to give notice or warning of an obvious danger. Id. at 891-892.
In Hawkins v. Champion International Corp., 662 So.2d 1005, 1007 (Fla. 1st DCA 1995), this court relied on the rule pronounced in Hall v. Holland, stating:
A person who is having work performed on his premises by an independent contractor and has actual or constructive knowledge of latent or potential dangers on the premises owes a duty to give warning of, or use ordinary care to furnish protection against, such dangers to employees of the contractor and subcontractor who are without actual or constructive notice of the dangers.
In this case, Exit engaged Pertl to paint the roof of Exit's building. In 1979, when Scotty's owned the building, skylights were installed in the roof. In 1991, the building was later transferred to Exit. The record contains a photograph of the roof which indicated several of the skylights had been painted over. In addition, there was evidence that the corrugated fiberglass panels of the skylights were so deteriorated and discolored at the time of the accident that they were difficult to distinguish from the corrugated metal roofing. Under the circumstances and the law, we have determined that there were genuine issues of material fact concerning whether Exit had constructive knowledge of the defective skylights, and whether failure to warn Pertl of the roof condition constituted a breach of Exit's duty to its business invitee. Therefore, summary judgment in favor of Exit was improper.
As to the summary judgment in favor of Scotty's, we find no reversible error. Appellant based the cause of action against Scotty's on its retention of a right to inspect the property and to require maintenance and repair during the term of the purchase money mortgage. The mortgage was satisfied in March of 1994, some fourteen months before the fatal accident. Since there is nothing in the record to suggest that Scotty's exercised any control over the property on the date of the accident, Scotty's owed no duty to business invitees to maintain the premises in a reasonably safe condition, or to warn of the concealed peril of the deteriorated fiberglass skylight.
Accordingly, the grant of summary final judgment in favor of Exit is reversed; the grant of summary final judgment in favor of Scotty's is affirmed.
WOLF, J., and McCAULIE, Associate Judge, concur.