734 So.2d 536 (1999)
Carla M. JOHNSON, Appellant,
v.
CIRCLE K CORPORATION n/k/a Circle K Stores, Inc., Appellee.
No. 98-3266.
District Court of Appeal of Florida, First District.
May 27, 1999.
E. Jane Brehany, Pensacola, for Appellant.
Brian H. Kirkland of Moore, Hill, Westmoreland, Hook & Bolton, P.A., Pensacola, for Appellee.
WEBSTER, J.
Appellant seeks review of an adverse summary final judgment entered in her trip-and-fall negligence case. Because we conclude that a genuine issue of material fact exists as to whether the alleged dangerous condition was open and obvious, we reverse.
To establish entitlement to a summary judgment, the moving party must demonstrate conclusively that no genuine issue exists as to any material fact, even after all *537 reasonable inferences are drawn in favor of the party opposing the summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966). When reviewing the propriety of a summary judgment, our task is to determine from the record whether a genuine issue exists as to a material fact. "[A]ll doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." Fletcher Co. v. Melroe Mfg. Co., 261 So.2d 191, 193 (Fla. 1st DCA 1972). Succinctly put, "if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied." Jones v. Directors Guild of America, Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991).
The only discovery in this case was appellant's deposition, which included as exhibits photographs of the portion of pavement where appellant claimed that she tripped and fell. The trial court granted appellee's motion for summary judgment on the ground that the alleged dangerous condition was open and obvious. This was, in turn, apparently based upon the trial court's review of the photographs. However, appellant testified at her deposition that she tripped and fell where an asphalt portion of the parking lot met a concrete portion. She said that, at that point, "it's just raised up just a little bit, not enough really to notice, ... where the pavement has sunk in a little." Reviewing the record, including the photographs, in light of this testimony, we are of the opinion that a genuine dispute exists as to whether the alleged dangerous condition was open and obvious. We note that Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990), upon which the trial court relied, is distinguishable for several reasons, not the least of which is that it involved the propriety of a directed verdict, not a summary judgment. The burden on a party seeking the latter is significantly greater than that on a party seeking the former. See, e.g., Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966); Reaves v. Armstrong World Indus., Inc., 569 So.2d 1307 (Fla. 4th DCA 1990); Vilardebo v. Keene Corp., 431 So.2d 620 (Fla. 3d DCA 1983).
The summary final judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
MINER and LAWRENCE, JJ., CONCUR.