764 So.2d 637 (2000)
Patricia MOULTRIE and Fred Moultrie, Appellants,
v.
CONSOLIDATED STORES INTERNATIONAL CORPORATION, d/b/a Big Lots Store # 505, Appellee.
No. 1D99-1875.
District Court of Appeal of Florida, First District.
April 25, 2000.
Rehearing Denied June 9, 2000.
Mary Ann Patti of Kerrigan, Estess, Rankin & McLeod, Pensacola, for Appellants.
*638 Donald F. Pierce and C. William Daniels, Jr. of Pierce, Ledyard, Latta & Wasden, P.C., Mobile, Alabama, for Appellee.
JOANOS, J.
This is an appeal of the entry of a final summary judgment with regard to appellants' negligence action against appellee, Big Lots Store # 505. The issue presented is whether the trial court erred in granting appellee's motion for summary judgment predicated on appellee's argument that it had no duty to warn because the instrument that caused injury to appellant, Patricia Moultrie, was open and obvious. We reverse.
In her deposition taken April 2, 1997, Mrs. Moultrie testified that her two sons accompanied her to Big Lots Store # 505, for the purpose of buying a vacuum cleaner. Mrs. Moultrie walked down an aisle of the store to the back wall, to the area where vacuum cleaners were displayed. Mrs. Moultrie pointed to a vacuum cleaner she wanted her son to take down from the shelf. When her son reached up to get the vacuum cleaner, Mrs. Moultrie took a step backward to give him more room. As she did so, she tripped and fell on an empty wooden pallet which had been left in the aisle. The pallet was approximately six inches in height. Mrs. Moultrie acknowledged that if she had looked to the right and left sides of the floor as she traversed the aisle of the store, she would have seen the pallet. Mrs. Moultrie explained that when she enters any store, she assumes the aisles are clear and does not examine them for obstructions.
Appellee filed a motion for summary judgment with a supporting brief, alleging that the pallet was an open and obvious condition, and due to the open and obvious nature of the pallet, appellant could not recover for her injuries. At the hearing conducted on appellee's motion for summary judgment, appellee's counsel argued "under Florida law, a storekeeper is entitled to assume that a customer will perceive that which would be obvious to him upon the ordinary use of his senses." Counsel further argued that appellant testified she could have seen the object if she had looked down, thus appellee was entitled to summary judgment on that ground, i.e., appellant "has avoided her duty, and that, again, the pallet is an open and obvious condition."
Appellants' counsel urged the pallet was not open and obvious, because open and obvious denotes knowledge of the existence of the condition or activity, and an appreciation of the danger it involves. Counsel further asserted that if the pallet were on a sidewalk that one traversed every day, it would be open and obvious and one would walk around it. However, a store arranges its displays for eye appeal. Since appellant was focused on purchasing a vacuum cleaner that was positioned on a shelf approximately four to five feet off the floor, she did not see the pallet when she walked by it. The trial court granted appellee's motion for summary final judgment, presumably persuaded that the pallet which resulted in appellant's injury constituted an open and obvious condition.
The well settled principles governing motions for summary judgment provide: "[t]o establish entitlement to a summary judgment, the moving party must demonstrate conclusively that no genuine issue exists as to any material fact, even after all reasonable inferences are drawn in favor of the party opposing the summary judgment." See Johnson v. Circle K Corp., 734 So.2d 536 (Fla. 1st DCA 1999), citing Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). If the record raises "any issue of material fact, if it would permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." See Moore v. Morris, 475 So.2d at 668. The party moving for summary judgment "must carry the burden of negating the existence of any basis of liability asserted against it." *639 See Department of Transportation, State v. Spioch, 642 So.2d 788, 791 (Fla. 1st DCA 1994). On review of the trial court's grant of summary judgment, this court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. See Johnson v. Circle K. Corp., 734 So.2d at 537. Particular caution should be exercised in granting summary judgment in negligence actions. See Moore v. Morris, 475 So.2d at 668.
In actions involving premises liability, a "business invitee is one who is `invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" See Community Christian Center Ministries, Inc. v. Plante, 719 So.2d 368, 370 (Fla. 4th DCA 1998), quoting Post v. Lunney, 261 So.2d 146, 148 (Fla.1972). A business owner owes an invitee a duty
to use reasonable care in maintaining the premises in a reasonably safe condition and to give the plaintiff timely notice and warning of latent and concealed perils, known to the defendant or which by the exercise of due care should have been known to him, and which were not known by plaintiff or which by the exercise of due care could not have been known by him.
See Pertl v. Exit Information Guide, Inc., 708 So.2d 956 (Fla. 1st DCA 1997), quoting Hall v. Holland, 47 So.2d 889, 891 (Fla. 1950). See also Aventura Mall Venture v. Olson, 561 So.2d 319, 320 (Fla. 3d DCA 1990), review denied, 574 So.2d 142 (Fla. 1990).
In this vein, an owner is entitled to assume the invitee will perceive that which would be obvious to the invitee through the normal use of his senses, and is not required to give the invitee notice or warning of an obvious danger. See Hall, 47 So.2d at 891-892; Pertl, 708 So.2d at 958. See also Lotto v. Point East Two Condominium Corp., Inc., 702 So.2d 1361, 1362 (Fla. 3d DCA 1997). Section 34A of the Restatement (Second) of Torts (1965), provides:
Known or Obvious Dangers
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. (Emphasis supplied).
See Lotto, 702 So.2d at 1362, citing Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla.1986). In Ashcroft, the supreme court instructed: "`In any case where the occupier [of land] as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required.'" See Ashcroft, 492 So.2d at 1311, quoting Prosser & Keaton, Law of Torts § 61 (5th ed. 1984)(Emphasis supplied).
At the core of the duty element is the requirement that each defendant who creates a risk must exercise prudent foresight whenever others may be injured as a result of the risk. Thus, "duty exists as a matter of law and is not a factual question for the jury to decide." See id. at 503. "As to duty, the proper inquiry for the reviewing court is whether the defendant's conduct created a foreseeable zone of risk, not whether the defendant could foresee the specific injury that actually occurred." See id. at 504. See also Coker v. Wal-Mart Stores, Inc., 642 So.2d 774, 776 (Fla. 1st DCA 1994), review denied, 651 So.2d 1197 (Fla.1995) (Emphasis in the original.).
When we view all favorable inferences in favor of appellants, application of the foregoing principles to the record in this case shows that appellee created a foreseeable zone of risk by leaving an empty wooden pallet in the aisle of its store. The height of the pallet was such that it *640 might not fall within the line of vision of adult invitees who entered the Big Lots Store to purchase items placed on counters and shelves. Further, the diagram sketched by appellant at the request of appellee's counsel shows the pallet was in a main aisle of the store, placed to the left side, rather than centered in the aisle. In these circumstances, we believe reasonable persons could differ as to whether the wooden pallet was open and obvious.
The cases cited by appellee involving uneven pavement, traffic bumps, and steps within business premises or residences, were decided in favor of the respective defendant on the ground that the conditions were a matter of common knowledge or every day life. Such is not the case here. Although appellee argued the pallet was "open and obvious," appellee has not asserted, nor could it do so, that it is customary or common practice for relatively large, empty wooden pallets to be placed in store aisles, with no elevated pennant or other type of warning device to alert customers or store employees of its presence.
In summary, this case does not present a condition which was so open, obvious, and ordinary that it could be held as a matter of law that the pallet did not constitute a foreseeable risk of harm to individuals either patronizing or working in the store. Rather, there appear to be material issues of fact as to whether the pallet was "open and obvious," and if so, whether appellee should have anticipated that as a general rule, adult shoppers do not focus on the floor of a store aisle when moving toward merchandise they propose to buy.
Accordingly, the summary final judgment in favor of appellee is reversed, and this cause is remanded for further proceedings.
BOOTH and WEBSTER, JJ., CONCUR.