THOMPSON, C.J.
The City of Clermont appeals a final judgment in favor of Lake Utility Services, Inc. (LUS). We reverse.
This case was the subject of an earlier appeal. In Lake Utility Services, Inc. v. City of Clermont, 727 So.2d 984 (Fla. 5th DCA 1999), both parties claimed the right to provide water service to a particular section of Lake County, and made motions for summary judgment. The trial court entered summary judgment for the city and this court reversed. We held that the city had acquired the right to provide the service before LUS acquired its right to provide the service, but that the city had waived its right some years prior when it declined to provide service to the area in question.
This court explained that when each of two public service utility entities have a legal basis to claim the right to provide similar services in the same territory, and each has the present ability to promptly and efficiently do so, the entity with the earlier acquired right has the exclusive right to provide the service. Id. at 988 (citing City of Mount Dora v. JJ’s Mobile Homes, Inc., 579 So.2d 219 (Fla. 5th DCA 1991)). We stated in the earlier appeal that although the city acquired its right to provide water service to the subject area first, its failure to exercise its concomitant duty to promptly and efficiently provide that service resulted in a waiver of the right to do so. Id. at 991.
On remand, LUS renewed its motion for summary judgment. The city opposed the motion with the affidavit of one of its engineers, who claimed, based on a review of reports filed by LUS, and its testimony before the Public Service Commission, that LUS did not have the capacity to serve the area in question. This affidavit, to which there was no objection by LUS, coupled with the affidavit of another city engineer stating that that LUS did not have the permits necessary to provide the service, calls into question LUS’s ability to promptly and efficiently provide the service.
Summary judgment is not appropriate unless the facts of the case are so crystallized that only questions of law remain for the trial court to determine. 4444 Corp. v. City of Orlando, 598 So.2d 287 (Fla. 5th DCA 1992). To establish entitlement to a summary judgment, the moving party must demonstrate conclusively that no genuine issue exists as to any material fact, even after all reasonable inferences are drawn in favor of the party opposing the summary judgment. Johnson v. Circle K Corp., 734 So.2d 536, 537 (Fla. 1st DCA 1999). When reviewing the propriety of a summary judgment, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Id. If the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied. Id.
In the instant case, LUS has not established that there is no genuine issue as to any material fact. City engineer Tanya Richardson’s affidavit states that LUS does not have the current capacity to meet the demands of its current customers and those it wishes to add. The testimony of city engineer John Springstead puts into issue whether LUS has permits authorizing it to provide the service. This record does not show whether such permitting is necessary, or what it would take for LUS to acquire the capacity, assuming it does not'have the capacity, to provide “prompt and efficient” service in the disputed area. LUS’s engineer’s affidavit states that LUS has the ability to provide the service, but it does not show that LUS has the ability to do so promptly and efficiently.
REVERSED.
W. SHARP, and GRIFFIN, JJ., concur.