PER CURIAM.
 

 Elizabeth Maria Slaats and Henk Slaats (“the plaintiffs”) appeal from a final summary judgment in favor of Sandy Lane Residential, LLC, and Gansevoort South, LLC (“the defendants”). We reverse.
 

 The plaintiffs sued the defendants for injuries Mrs. Slaats sustained from a fall while exiting a hotel pool area. The plaintiffs claim the fall was caused by a step down which created a dangerous condition.
 

 After some discovery, the defendants moved for summary judgment. The defendants claimed that they had no liability because the step down was an open and obvious condition. In opposition to the motion, the plaintiffs filed the affidavit of an expert stating that the step down presented a unique, special hazard. The trial court agreed with the defendants, and entered summary judgment in their favor.
 

 On appeal, the plaintiffs assert that the trial court erred in entering summary judgment for two reasons. First, the plaintiffs assert that discovery has yet to be completed. Secondly, the plaintiffs assert genuine issues of material fact exist regarding whether the step down presented a unique, special hazard.
 

 On the other hand, the defendants contend that the trial court properly entered summary judgment because they had no duty to warn of an open and obvious condition. We agree with the plaintiffs that genuine issues of material fact preclude summary judgment.
 

 
 *321
 
 Summary judgment is appropriate only when there are no genuine issues of material fact and it is clear that the moving party is entitled to judgment as a matter of law.
 
 Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). In negligence cases, especially those dependent on expert testimony, summary judgment should be restricted to extraordinary circumstances.
 
 See Lombard v. Exec. Elevator Serv., Inc.,
 
 545 So.2d 453 (Fla. 3d DCA 1989). In premises liability actions, where issues of fact or differing inferences from the facts exist, Florida courts generally choose to let a jury decide.
 
 See, e.g., Javits v. RSMO Independence Mgmt. Consultants, Inc.,
 
 738 So.2d 521 (Fla. 4th DCA 1999);
 
 Hadley v. Davjoy, Inc.,
 
 613 So.2d 49 (Fla. 4th DCA 1992);
 
 Hogan v. Chupka,
 
 579 So.2d 395 (Fla. 3d DCA 1991);
 
 Fletcher v. Petman Enters., Inc.,
 
 324 So.2d 135 (Fla. 3d DCA 1975);
 
 Pensacola Rest. Supply Co. v. Davison,
 
 266 So.2d 682 (Fla. 1st DCA 1972).
 

 Here, the plaintiffs presented some evidence that the step down created a dangerous condition. Specifically, Elizabeth testified that she was unable to see the step down because it was uniform in color and the afternoon sun was shining directly in her eyes. Further, the plaintiffs presented the affidavit of an architectural expert stating that the step down presented a unique, special hazard because the drop was hidden and unexpected. Thus, genuine issues of material fact remain unresolved which preclude summary judgment.
 

 Accordingly, we reverse the summary judgment entered in favor of the defendants, and remand for further proceedings.
 

 Reversed and remanded.