NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRACY GREENE and JOSHUA
GREENE,

   Appellants,

v.

TWISTEE TREAT USA, LLC; MISSION
BELL, S.C., LLC; and KIMCO REALTY
CORPORATION,

   Appellees.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2D18-4064

Opinion filed September 4, 2020.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Foster,
Jr., Judge.

Chad A. Barr of Law Office of Chad A.
Barr, P.A., Altamonte Springs, for
Appellants.

David C. Borucke of Cole, Scott &
Kissane, P.A., Tampa, for Appellee
Twistee Treat USA.

Irene Porter of Hicks, Porter, Ebenfeld
& Stein, P.A., Miami; Shannon Kain of
Hicks, Porter, Ebenfeld & Stein, P.A.,
Hollywood; and Paul Weekley of
Weekley Schulte Valdes Murman &
Tonelli, Tampa, for Appellees Mission
Bell and Kimco Corporation.

NORTHCUTT, Judge.

In this premises liability case, Tracy Greene and her husband appeal the final summary judgment in favor of Twistee Treat USA, LLC; Mission Bell, S.C., LLC; and Kimco Realty Corporation. The record evidence did not support the circuit court's conclusion that the defendants are absolved of liability because Greene was injured as a result of an open and obvious danger. Therefore, we reverse the judgment and remand for further proceedings.

Greene tripped and fell in the parking lot of a shopping center owned and maintained by Mission Bell and Kimco in the vicinity of a free-standing ice cream shop operated by their lessee, Twistee Treat. In a deposition and later in an affidavit, Greene recounted that the incident occurred when she was taking her two young daughters to get ice cream. After parking in the adjacent lot, she and the children were walking toward the Twistee Treat when she caught her shoe in a depression in the pavement. She fell, injuring her hand.

The Greenes filed a four-count complaint. Greene alleged three negligence counts, one for each defendant, and her husband sued for loss of consortium. Mission Bell and Kimco moved for summary judgment, contending that because the depression in the parking lot was open and obvious, Greene could not establish a cause of action for negligence. The trial court agreed and rendered final summary judgment in favor of all three appellees.

We review summary judgments de novo. See Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). The movant for summary judgment bears "the burden of proving the absence of a genuine issue of material fact."

- 2 -

Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966). The proof must be conclusive, and it must "overcome all reasonable inferences which may be drawn in favor of the opposing party." Id. (citing Harvey Bldg., Inc. v. Haley, 175 So. 2d 780 (Fla. 1965)). "If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Competelli v. City of Belleair Bluffs, 113 So. 3d 92, 92–93 (Fla. 2d DCA 2013) (quoting Snyder v. Cheezem Dev. Corp., 373 So. 2d 719, 720 (Fla. 2d DCA 1979)). If there are no issues of material fact, the record must further establish that the movant is entitled to judgment as a matter of law. Aberdeen at Ormond Beach, L.P., 760 So. 2d at 130; Poe v. IMC Phosphates MP, Inc., 885 So. 2d 397, 400–01 (Fla. 2d DCA 2004).

A business owner owes its invitee a duty to "use reasonable care to maintain the premises in a reasonably safe condition" and a duty to give "the invitee warning of concealed perils which are or should have been known to [it], and which are unknown to the invitee and could not be discovered by the invitee even if he exercised due care." Williams v. Madden, 588 So. 2d 41, 43 (Fla. 1st DCA 1991). Here, the defendants' motion for summary judgment was based on the principle that premises owners have no duty to protect invitees from open and obvious conditions. "[I]n the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent that he may reasonably be expected to discover them." Ashcroft v. Calder Race Course, Inc., 492 So. 2d 1309, 1311 (Fla. 1986) (quoting W. Page Keeton, et al., Prosser & Keeton on Torts § 61, at page 427 (5th ed. 1984)).

- 3 -

The circuit court erred by applying that principle in this case because its applicability turned on material issues of fact. According to Greene, she observed the pavement ahead of her as she walked through the parking lot, but she did not see the hole before she tripped. She explained that the depression was the same color and hue as the surrounding pavement. From a distance, it blended into the parking lot such that she could not have discerned it until she was very close to it and looking down.

After she tripped, Greene observed the depression and photographed it. The picture, included in the summary judgment record, depicted a hole that was the same color as the surrounding asphalt and contained some dried leaves. The hole was clearly manmade; it was square, measuring three or four inches per side and three or four inches deep. (There was no proof of the hole's origin, but Greene posited that it was associated with a tent that in the past had been temporarily erected in the parking lot for purposes of selling fireworks.)

Based on the foregoing evidence, a jury could conclude that the hole in the pavement was not so open and obvious that the defendants could reasonably expect that it would be discovered by an invitee such as Greene. See, e.g., Slaats v. Sandy Lane Residential, LLC, 59 So. 3d 320, 321 (Fla. 3d DCA 2011) ("[Plaintiff] testified that she was unable to see the step down because it was uniform in color and the afternoon sun was shining directly in her eyes."); Moultrie v. Consolidated Stores Int'n. Corp., 764 So. 2d 637, 639–40 (Fla. 1st DCA 2000) (holding that material issue of fact presented as to whether the pallet resting in aisle of retail store was open and obvious); Hadley v. Davjoy, Inc., 613 So. 2d 49, 51 (Fla. 4th DCA 1992) (holding that

jury question presented by poor lighting conditions which may have obscured step down from dance floor at wedding reception).

Moreover, the open-and-obvious-condition principle "is certainly not a fixed rule, and all of the circumstances must be taken into account." Ashcroft, 492 So. 2d at 1311 (quoting Prosser & Keeton on Torts § 61, at page 427 (5th ed. 1984)). Thus, even when a dangerous condition is open and obvious, the occupier of the premises is not excused from its duties to protect or warn invitees if it reasonably should anticipate that the condition poses an unreasonable risk of harm to the invitee notwithstanding the obvious nature of the condition.

> This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or that after a lapse of time he may forget the existence of the condition, even though he has discovered it or been warned; or where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it.

Id. (quoting Prosser & Keeton on Torts § 61, at page 427 (5th ed. 1984)). "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Id. at 1312 (quoting Restatement (Second) of Torts § 343A (1965)).

In this case, the record reflects that the Twistee Treat facility was an example of "novel architecture" in that the building resembled an enormous ice cream cone. Greene recounted that she and her daughters were looking at the giant ice cream cone and commenting on it as they made their way through the parking lot toward the shop. She was also on guard for her children's safety, keeping an eye out

for vehicles driving through the lot.  Certainly, a jury could conclude that the defendants reasonably should have anticipated that an invitee negotiating the parking lot to visit the ice cream shop would be distracted by its striking appearance and by the need to watch for approaching vehicles.  See, e.g., Green v. Sch. Bd. of Pasco Cty., 752 So. 2d 700, 702 (Fla. 2d DCA 2000) (holding that record failed to conclusively establish that property owner "should not have anticipated that an invitee who knew of the unprotected ledge nevertheless might fall from it in the darkness"); Moultrie, 764 So. 2d at 640 (holding that even if pallet resting in aisle of retail store was deemed open and obvious, there remained a fact question whether business should have anticipated that adult shoppers generally do not focus on the floor of an aisle when moving toward merchandise they propose to buy); Hadley, 613 So. 2d at 51 (holding that whether premises owner reasonably should have foreseen that invitee would fail to appreciate step-down from dance floor because of distractions associated with dancing at wedding reception presented jury question); Regency Lake Apartments. Assocs., Ltd. v. French, 590 So. 2d 970, 973 (Fla. 1st DCA 1991) (holding that, although exposed tree roots in dog walk area of apartment complex were open and obvious, jury could find that premises owner should reasonably have foreseen that a person walking a dog will be distracted by actions of their dog or another dog).

We reverse the summary judgment rendered for the defendants and remand for further proceedings.

Reversed and remanded.


LaROSE and BLACK, JJ., Concur.