IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHARISSA FRAZIER,

     Appellant,

v.

PANERA, LLC,

     Appellee.

_____/

Case No.  5D22-1496
LT Case No. 2020-CA-001016-A

Opinion filed June 30, 2023

Appeal from the Circuit Court
for Hernando County,
Donald Scaglione, Judge.

Stephen H. Haskins, of Lucas, Macyszyn
& Dyer Law Firm, New Port Richey,
for Appellant.

Jack R. Reiter, and Robert C. Weill, of
GrayRobinson, PA, Miami, for Appellee.


HARRIS, J.

     In this premises liability action, Appellant, Charissa Frazier, appeals

the trial court's order granting Appellee's, Panera, LLC ("Panera"), motion for

summary judgment. Frazier alleged that she tripped and fell on a weighted sign base located on Panera's property. In this appeal, Frazier argues that genuine issues of material fact exist as to whether the base was open and obvious and whether Panera should have anticipated that, under the circumstances of this case, the base would cause invitees to trip and fall. We agree and reverse.

On July 29, 2017, Frazier and her husband parked their vehicle in Panera's parking lot with the intention to dine inside the restaurant. Frazier exited the car from the passenger side, proceeded to walk up onto the sidewalk, then tripped on a weighted base and fell to the ground. She alleged that the weighted base, which was without a sign, was hidden from her view and that Panera should have anticipated and expected that invitees would walk onto the sidewalk and encounter the base.

Following a hearing on Panera's motion for summary judgment, the court entered an order granting the motion, finding that there was no concealed peril that would have triggered a duty to warn, and further, that Frazier failed to look down which caused her to trip and fall on the base. The court concluded that the base was open and obvious; thus, Frazier's claim failed as a matter of law. This appeal followed.

A landowner or occupier owes an invitee two independent duties: (1) to give warning of concealed perils which are known or should be known to the owner, but which are not known to the invitee, and (2) to maintain the premises in a reasonably safe condition. Marion v. City of Boca Raton, 47 So. 3d 334, 338 (Fla. 4th DCA 2010). "[A] landowner's duty to warn is separate and distinct from the duty to maintain the premises in a reasonably safe condition." Burton v. MDC PGA Plaza Corp., 78 So. 3d 732, 734 (Fla. 4th DCA 2012). Frazier alleged a breach of both duties in her complaint.

Here, it is undisputed that Panera placed the weighted sign base on the sidewalk and that at the time of the accident, the base was without a sign attached to it. In its order granting summary judgment, the trial court held that the base was open and obvious, and that Panera was not required to warn Frazier. The court reasoned that the base was black in color and in stark contrast to the white sidewalk, that it was a sunny day and it had not been raining, and that Frazier failed to look where she was walking.

Many cases cited by the court and Panera involving uneven pavement, traffic bumps, landscape features, and steps within business premises or residences were decided in favor of the defendant on the grounds that the conditions were a matter of common knowledge or everyday life. The same cannot be said for the weighted sign base in this case. A weighted base

3

without a sign attached to it is not so common that people encounter it on a daily basis. In Moultrie v. Consolidated Stores International Corp., d/b/a Big Lots Store # 505, 764 So. 2d 637 (Fla. 1st DCA 2000), the plaintiff did not see an empty pallet in the center of a store aisle and tripped over it while looking upward in another direction. The First District Court of Appeal found that "the height of the pallet was such that it might not fall within the line of vision of adult invitees who entered . . . to purchase items placed on counters and shelves." Id. at 639–40. It determined that the location of the pallet was not a "matter of common knowledge or every day life" and that it is not "customary or common practice for relatively large, empty wooden pallets to be placed in store aisles, with no elevated pennant or other type of warning device to alert customers or store employees of its presence." Id. The court concluded that an issue of material fact existed as to whether the pallet was open and obvious and if so, whether the defendant "should have anticipated that as a general rule, adult shoppers do not focus on the floor of a store aisle when moving toward merchandise they propose to buy." Id. at 640.

Similar to Moultrie, here, the weighted sign base is not an everyday common object that people encounter. Indeed, a base as the one in this case typically has a sign attached to it. In fact, the base in this case did have a sign attached to it shortly before Frazier tripped and fell. The base was located on

4

a sidewalk in the direct path of where customers are known to walk in order to enter the restaurant. Moreover, Panera's employees were in the process of removing the base, indicating that it was not intended to be left there in the first place. Accordingly, a material fact exists as to whether the base was an open and obvious condition. See also Pratus v. Marzucco's Constr. & Coatings, Inc., 310 So. 3d 146, 148–49 (Fla. 2d DCA 2021) (reversing summary judgment where employee stepped into an uncovered drain on a construction site and was injured. Although the *drain* was obvious, genuine issues of material fact existed regarding whether the *uncovered drain* presented an open and obvious danger).

Even if the base was considered an open and obvious condition under the circumstances, it is a separate and independent issue of negligence whether Panera created a hazardous condition and generally failed to maintain a safe premises under the circumstances. While the fact that a danger is obvious discharges a landowner's duty to warn, it does not discharge the landowner's duty to maintain his premises. See Marriott Int'l, Inc. v. Perez-Melendez, 855 So. 2d 624 (Fla. 5th DCA 2003). "[W]hen the failure to maintain premises is alleged, the obvious nature of the danger creates an issue of fact regarding the plaintiff's own comparative negligence." De Cruz-Haymer v. Festival Food Mkt., Inc., 117 So. 3d 885, 888 (Fla. 4th

5

DCA 2013). The trial court's order did not address Panera's duty to maintain the premises in a reasonably safe condition even though Panera conceded that it placed the base in the location where Frazier tripped and fell.

Because we conclude that issues of material fact exist, we reverse the summary final judgment and remand this cause for further proceedings.

REVERSED and REMANDED for further proceedings.

WALLIS and JAY, JJ., concur.