■ LUIS MORAN et al., Respondents, v CITY OF NEW YORK, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant City of New York appeals from (1) a judgment of the Supreme Court, Kings County (Spodek, J.), entered June 16, 1988, which upon a jury verdict finding the defendant 30% at fault in the happening of the accident, and finding that the plaintiff Luis Moran suffered damages in the amount of $10,000,000 and the plaintiff Aida Moran suffered damages in the amount of $1,000,000, is in favor of the plaintiff Luis Moran and against it in the principal sum of $3,000,000 and is in favor of the plaintiff Aida Moran and against it in the principal sum of $300,000, (2) an amended judgment of the same court, dated August 16, 1988, which, upon granting the defendant's posttrial motion to the extent of directing a new trial on the issue of damages unless the plaintiffs consented to a reduction of the verdict as to Luis Moran's damages to $4,500,000, and a reduction of the verdict as to Aida Moran's damages to $200,000 in an order of the same court dated July 15, 1988, and upon the plaintiffs having so stipulated, is in favor of the plaintiff Luis Moran and against it in the principal sum of $1,350,000 and is in favor of the plaintiff Aida Moran and against it in the principal sum of $60,000, and (3) a corrected amended judgment of the same court, dated August 24, 1988, which is in favor of the plaintiff Luis Moran and against it in the principal sum of $1,350,000 and is in favor of the plaintiff Aida Moran, and against it in the principal sum of $60,000.

Ordered that the appeals from the judgment entered June 16, 1988, and the amended judgment dated August 16, 1988, are dismissed, as superseded by the corrected amended judgment dated August 24, 1988; and it is further,

Ordered that the corrected amended judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff Luis Moran the principal sum of $1,350,000 and substituting therefor a provision granting the new trial on the issue of Luis Moran's damages only, unless within 20 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff Luis

Moran shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to his damages to the principal sum of $3,000,000 and to reduce the damages payable by the City of New York to the principal sum to $900,000, which represents its proportionate share of those damages, and to the entry of an amended judgment accordingly; as so modified, the corrected amended judgment is affirmed, without costs or disbursements; in the event that the plaintiff Luis Moran so stipulates, then the corrected amended judgment, as so reduced and further amended, is affirmed, without costs or disbursements.

At approximately 6:00 A.M. on the morning of October 17, 1986, the plaintiff Luis Moran, who had been drinking the night before and was allegedly intoxicated, tripped and fell over an empty sidewalk tree well—measuring approximately five inches in depth at its center, 40 inches in width and five feet in length—resulting in injuries rendering him a quadriplegic. After a jury trial at which the fault of the plaintiff Luis Moran and the defendant City of New York was assessed, respectively, at 70% and 30%, the jury assessed the plaintiff Luis Moran's damages at $10,000,000 and the plaintiff Aida Moran's damages at $1,000,000. The trial court granted the city's motion, *inter alia,* for a new trial, to the extent of directing a new trial limited to the issue of damages, unless the plaintiffs stipulated to a reduction of the verdict to the sum of $4,500,000 for Luis Moran's damages and $200,000 for Aida Moran's damages. The plaintiffs have so stipulated.

On appeal, the city argues, *inter alia,* that (1) as a matter of law, the empty tree well involved in the case at bar was not a defect, but rather, a "customary and appropriate urban amenity", and (2) the plaintiff Luis Moran's intoxication must be construed as a superseding cause precluding any finding of contributory fault on the city's part. We disagree.

As the Court of Appeals has recently observed, "[i]t is well established that a municipality is under a continuing duty to maintain its public roadways" *(see, Kiernan v Thompson,* 73 NY2d 840, 841; *D'Ambrosio v City of New York,* 55 NY2d 454, 462). Contrary to the defendant city's contentions, we conclude that a question for the jury was presented with respect to the city's alleged negligence in respect to the sidewalk condition involved at bar. Moreover, the plaintiff Luis Moran's intoxication and his familiarity with the condition of the sidewalk prior to the accident were issues considered by the jury in assessing the questions of proximate cause and the parties'

relative culpability, and we decline to disturb its determinations in this respect.

However, upon our review of the record, we conclude that the damage award was excessive to the extent indicated.

We have reviewed the city's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.