588 So.2d 41 (1991)
Margaret T. WILLIAMS and Leon W. Williams, Appellants,
v.
Don A. MADDEN d/b/a Holiday Inn of Okaloosa Island, Appellee.
No. 90-2696.
District Court of Appeal of Florida, First District.
October 24, 1991.
*42 James G. Etheredge of Law Offices of James G. Etheredge, Chartered, Ft. Walton Beach, for appellants.
Clifford W. Sanborn of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellee.
ALLEN, Judge.
The appellants, Margaret and Leon Williams, appeal a final summary judgment entered in favor of the appellee, Don Madden, the owner of the Holiday Inn of Okaloosa Island in Ft. Walton Beach. Because the evidence in the record is susceptible of different inferences, some indicating negligence and some indicating an absence of negligence, we conclude that the issue of the appellee's alleged negligence must be submitted to a jury. Accordingly, we reverse the final summary judgment.
The appellants, registered guests at the appellee's hotel, went to the hotel restaurant for breakfast at approximately 8:00 a.m. on April 3, 1986. Upon entering, they followed a hostess to their table which was located one step up from the entrance level. Although neither of the appellants had been in the restaurant before, both of them successfully negotiated the step on the way to their table. After eating, Margaret Williams walked behind her husband as he approached the cashier to pay the bill. On the way, Leon Williams heard his wife fall and turned around to see her on the floor near the step. Ms. Williams testified that she "just stepped down and fell." A waitress came to her aid and summoned the hotel manager, who commented that "people had fallen here before."
The appellants sued the appellee, alleging that he knew or should have known of a dangerous condition on his premises and breached his duty to warn them of that condition. The appellee denied that he was negligent in any respect and alleged as an affirmative defense that Ms. Williams was comparatively negligent.
Thereafter, the appellee filed a motion for summary judgment, arguing that the condition which caused Ms. Williams's fall was open and obvious. The appellants responded that a change in floor levels can be a dangerous condition which gives rise to a duty to warn and that the appellee knew the step was dangerous because he had actual knowledge of a prior fall. In support of the latter contention, the appellants referenced the deposition testimony of Peggy May.
*43 Peggy May was a patron in the appellee's restaurant on June 2, 1985 when her cousin, Ms. Ott, fell on the restaurant step and broke her pelvis. May did not see Ms. Ott fall but she saw her immediately thereafter and was present when restaurant employees assisted her back to her room. According to May, hotel personnel were aware of the incident.
At the conclusion of the summary judgment hearing, the court ruled for the appellee, reasoning that the change in the floor level was open and obvious to persons exercising reasonable care for their own safety and therefore the appellee had no duty to warn the appellants of it. In concluding that the appellee had no duty to warn of the step, the court placed particular emphasis upon its observation that the "testimony of [Ms. Williams] establishes that she was aware of the change in the floor level prior to the accident."
Motions for summary judgment should be cautiously granted in negligence actions. A party moving for summary judgment must conclusively show the absence of any genuine issue of material fact and the court reviewing his motion must draw every possible inference in favor of the party against whom a summary judgment is sought. If the evidence is conflicting or susceptible of different reasonable inferences, it should be submitted to the jury as a question of fact to be determined by it. See Brooks v. Phillip Watts Enterprises, Inc., 560 So.2d 339, 340-41 (Fla. 1st DCA), review denied, 567 So.2d 435 (Fla. 1990).
A landowner owes two duties to a business invitee: (1) he must use reasonable care to maintain the premises in a reasonably safe condition; and (2) he must give the invitee warning of concealed perils which are or should have been known to him, and which are unknown to the invitee and could not be discovered by the invitee even if he exercised due care. Emmons v. Baptist Hospital, 478 So.2d 440 (Fla. 1st DCA 1985), review denied, 488 So.2d 67 (Fla. 1986). A landowner is not an insurer of the safety of his invitee, Emmons, 478 So.2d at 442, and he is entitled to assume "that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses." Aventura Mall Venture v. Olson, 561 So.2d 319, 320 (Fla. 3d DCA), review denied, 574 So.2d 142 (Fla. 1990), quoting Crawford v. Miller, 542 So.2d 1050, 1051 (Fla. 3d DCA 1989).
Consistent with the foregoing, in a long line of cases beginning with Matson v. Tip Top Grocery Co., Inc., 151 Fla. 247, 9 So.2d 366 (1942), Florida courts have applied the general rule that it is not negligence for the proprietor of a public place to maintain steps or uneven floor levels and fail to give warning of such conditions to invitees. This is so because it is common knowledge that there are steps and uneven floor levels in many public places and there is no duty to warn of an obvious condition which is not in itself dangerous. Matson, 9 So.2d at 368. See also, Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990) (collecting cases).
Where, however, a possessor of land can anticipate the harm caused by a condition on his premises, he may be liable therefor despite the obviousness of the condition. As explained in the Restatement (Second) of Torts, § 343A (1965): "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." This principle has been recognized in Florida. See, e.g., McAllister v. Robbins, 542 So.2d 470 (Fla. 1st DCA 1989); and Metropolitan Dade County v. Yelvington, 392 So.2d 911, 913 (Fla. 3d DCA), review denied, 389 So.2d 1113 (Fla. 1980) ("Where a possessor of land should anticipate the harm which may be caused by a condition on the land, he may be liable despite the obviousness of the hazard"). Evidence of the occurrence or non-occurrence of prior accidents can serve to prove whether the proprietor of a business should have anticipated harm to his invitees despite the obviousness of the condition. See McAllister, 542 So.2d at 471 (affirming a summary judgment for the landowner in a trip and fall case because there was no evidence *44 that anyone had fallen over the concrete blocks during the preceding 17 years in which the condition had existed); Liberty Mutual Ins. Co. v. Kimmel, 465 So.2d 606 (Fla. 3d DCA 1985); and Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075 (Fla. 3d DCA 1983), review denied, 447 So.2d 889 (Fla. 1984).
Here, there was evidence that Ms. Williams was not the first hotel patron to fall on the restaurant step. May testified about one specific prior incident and the manager said that "people" had fallen on the step before. From this evidence, one may infer that the appellee had notice of prior falls at the same location  notice that would arguably provide a basis for application of the principle of law discussed above.
In sum, our review of the record evidence convinces us that the appellee was not entitled to summary judgment as a matter of law. The issue of his negligence, if any, must be resolved by a jury. The final summary judgment entered in the appellee's favor is hereby reversed.
WIGGINTON and WOLF, JJ., concur.