651 So.2d 811 (1995)
Lucille ROSENFELD, et al., Appellants,
v.
WALT DISNEY WORLD CO., Appellee.
No. 94-1318.
District Court of Appeal of Florida, Fifth District.
March 10, 1995.
*812 Dougald B. Leitch of Law Offices of Mahaffey & Leitch, Orlando, for appellants.
John Ward Smith of Roth, Edwards & Smith, P.A., Orlando, for appellee.
W. SHARP, Judge.
The Rosenfelds appeal from a final summary judgment in favor of Walt Disney World Company. The trial court held Lucille Rosenfeld could not recover damages caused by her fall over a street curb on "Main Street USA," at the Magic Kingdom in Orange County, Florida, from Walt Disney World, the owner and operator of the theme park. The major thrust of the Rosenfelds' complaint was that the Disney property where Lucille fell is a public amusement park, not a public street, and that the curb, street and sidewalk were colored artificially in such a way as to create an optical illusion of flatness, which obscured the change of levels from Lucille's view, and created a hazard for guests and patrons visiting Main Street.
This court has held en banc that changes in levels from ordinary curbs to streets do not subject a landowner to premises liability for injuries suffered by persons falling over the curbs and that an optical illusion of flatness created by the colors of the curb and street does not make them inherently or unreasonably dangerous, as a matter of law. Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla. 5th DCA 1992), rev. denied, 604 So.2d 486 (Fla. 1992). Disney's Main Street curbs and streets are recreations of ordinary village and town streets and curbs, although located in its amusement park. That fact alone is not sufficient to remove Disney's ordinary streets and curbs from the category of open and obvious hazards. Thus, this case is controlled by Gorin. See also Aventura Mall Venture v. Olson, 561 So.2d 319 (Fla. 3d DCA), rev. denied, 574 So.2d 142 (Fla. 1990).
AFFIRMED.
GOSHORN and DIAMANTIS, JJ., concur.