W. SHARP, J.
Raana Naushad, who slipped and fell in a Winn Dixie store, and her husband, ap *142 peal from a final summary judgment m favor of Winn Dixie Stores, Inc. The trial judge concluded, based on the pleadings and depositions of record, that there was insufficient evidence to establish actual notice or constructive notice on the part of Winn Dixie that the item causing Raana’s fall was on the floor of the store. We affirm.
Because this is a summary judgment, we must look at the record in a manner most favorable to Raana’s position.[1] Raana was shopping with her two younger children in a Winn Dixie store shortly before closing time (9:00 p.m. or so). The store was almost empty of customers. She stepped on a raw egg that had been dropped in the middle of an aisle in the store, in front of the dairy case, where she was intending to purchase some butter. Her feet slipped out from under her and she fell on her back, hitting her head. No one saw her actually fall, and no one had any idea about how the egg came to be dropped in the middle of the aisle.
Because there was no proof or suggestion that a store employee caused the egg to fall where it was, or that Raana did, or that anyone actually saw the egg before Raana fell, the issue in this case was whether Winn Dixie, through its store employees, could be charged with constructive knowledge of the dangerous condition. Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989). That is, was there any proof, circumstantial or otherwise, sufficient to create a material issue of fact to show that the egg had been overlooked and left on the floor for such a long time that the store should be charged with negligence because it did not discover and clean it up earlier? See Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla.1973); Colon v. Outback Steakhouse of Florida, Inc., 721 So.2d 769 (Fla. 3d DCA 1998); Silver Springs Moose Lodge No. 1199 v. Orman, 631 So.2d 1119 (Fla. 5th DCA 1994); Woods v. Winn Dixie Stores, Inc., 621 So.2d 710 (Fla. 3d DCA 1993); Ress v. X-tra Super Food Centers, Inc., 616 So.2d 110 (Fla. 4th DCA 1993); Washington v. Pic-N-Pay Supermarket, Inc., 453 So.2d 508 (Fla. 4th DCA 1984).
Winn Dixie’s assistant manager and store clerk testified in their depositions that Winn Dixie had a policy of inspecting the store floors every thirty minutes, and that on the night of Raana’s fall the floors of the whole store were mopped at least thirty minutes before 'she fell, and more likely fifteen to twenty minutes before. Raana was able to show very little to counter their statements.
Raana’s children said there were a lot of eggs splattered around, and that they looked “dirty.” Apparently a carton of eggs had broken open'and more than one fell out. All but one of the eggs fell in or near a drink display, and were not the cause of the fall. The photographs of the accident site and the Winn Dixie employees’ testimonies make that clear. There was testimony that the egg splatter showed evidence of a one foot track running through it, and some dirt. However, Raana had stepped in the egg, and her shopping cart had also tracked through it. There was no evidence that there were additional step marks or tracks, or that the yolk of the egg had crusted and “aged” through being left on the floor a long time. The assistant manager testified the egg was fresh and runny, and no one disputed that fact.
AFFIRMED.
THOMPSON, C.J. and GRIFFIN, J„ concur.

. Venezia v. Egan, 671 So.2d 175 (Fla. 5th DCA), rev. denied, 680 So.2d 422 (Fla.1996); Med-Star Cent., Inc. v. Psychiatric Hospitals of Hernando County, Inc., 639 So.2d 636 (Fla. 5th DCA 1994); Destiny Construction Co. v. Martin K. Eby Construction, 662 So.2d 388 (Fla. 5th DCA 1995).