779 So.2d 621 (2001)
Peggy S. TAYLOR, Appellant,
v.
UNIVERSAL CITY PROPERTY MANAGEMENT, etc., et al, Appellees.
No. 5D00-1546.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
Kim Michael Cullen, of Wieland, Hilado & Kelley, P.A., Orlando, for Appellant.
Nicholas D. Freeman, of Bussey, White, McDonough and Freeman, P.A., Orlando, for Appellees.
*622 GRIFFIN, J.
Appellant, Peggy S. Taylor ["Taylor"], seeks review of a summary final judgment rendered by the trial court in her suit against Universal City Property Management Company and Rank Orlando, Inc. d/b/a Universal City Florida Partners, a Florida general partnership a/k/a Universal Studios, Florida ["Universal"]. Taylor was injured when she partially stepped on the edge of one of a row of tree planters running the length of Hollywood Boulevard, one of the two main thoroughfares for guests to move through the theme park. The sidewalk surface at this location is terrazzo and a metal rim runs around the cut-out for the planter. The planter is approximately six feet in diameter. Planted in the middle is a Washington palm and around the base of the palm is some shrub-like foliage. Taylor stepped on the edge of the planter, her foot lost traction and she twisted and injured her knee. The plaintiff acknowledges that she saw both the tree and the planter before her fall and that she was not looking where she was going at the time she fell.
The issue before the court on the motion for summary judgment is whether the hazard that caused the plaintiff's injury was an open and obvious hazard. The law provides that some injury-causing conditions are simply so open and obvious that they can be held as a matter of law not to give rise to liability as dangerous conditions. Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990). See also Rosenfeld v. Walt Disney World Co., 651 So.2d 811 (Fla. 5th DCA 1995); Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla. 5th DCA 1992). Important to the appellee's motion for summary judgment was the attachment of photographs depicting these planters. Taylor testified in her deposition that the condition depicted in the photographs is substantially the same as the condition she encountered; the only uncertainty being whether the plantings around the base of the palm consisted of flowers or greenery. These photographs demonstrate two things dramatically: first, that the obstacle represented by the six-foot diameter planter with the palm tree in the middle and the planting all around represents a glaringly open and obvious obstacle for anyone walking either on the walkway or the street; and second, that Taylor knew, or should have known, that she was walking into a planter containing shrubbery and/or flowers with a large tree in the middle, all planted in dirt. Taylor appears to concede all this; she contends, however, that Universal is liable for her injury because it was not obvious that there was a change in the surface level between the sidewalk and the dirt of approximately three inches and it was this three-inch change in the ground level that caused her to fall. The trial court concluded, however, and we agree, that anyone who walks into a planter containing a Washington palm, greenery and/or flowers and dirt is held to know that this is a hazard to walking. The precise nature of the hazard need not be observable. Such a change in level caused by the change in materials and surface texture and the effect on footing is to be expected.
Taylor relies on an affidavit obtained from an associate professor of landscape architecture at the University of Florida. He opined that "a pedestrian walking along the walk might not realize that there is indeed a drop of two incheshree inches. The plant material used, asparagus fern, is a soft, spongy material that would offer no support to a person who inadvertently steps off into the planted area." Nothing in this affidavit rises to the level of expert opinion and, in any event, it does not affect the issue of liability here. Having ample notice of an open and obvious hazard, the plaintiff cannot blame the defendant for her fall.
AFFIRMED.
SAWAYA, J., concurs.
SHARP, W., J., dissents, with opinion.
*623 SHARP, W., J., dissenting.
I respectfully dissent. The summary judgment being appealed was rendered based on a record containing material questions of fact as to causation and liability.[1] Taylor, the plaintiff in this case, fell and suffered an injury when she stepped into a recessed tree planter in Universal's theme park. I disagree that the recessed step down into the planter was "open and obvious," as a matter of law, and accordingly, I would reverse.
Viewing the record in a manner most favorably to Taylor as we must do,[2] she established that the tree planters where she fell line both sides of the sidewalk, lie close to the curb, on a main street in the theme park, in a very high foot-traffic area. There had been two prior accidents known to Universal involving pedestrians falling when they stepped into the tree planters. The drop off from the sidewalk level to the soil level on the planters is two to three inches. Photographs of the planters show they contained a tree in the center, surrounded by asparagus ferns, which bunched thickly above the sidewalk level and at least partially concealed the drop off level from view.
Taylor also filed an affidavit executed by an associate professor in Landscape Architecture at the University of Florida, who expressed his view that the tree planters represented an unreasonably dangerous condition to pedestrians:
The tree planter openings are placed so that they intrude into the pedestrian's path of travel; there is no protection, and no warning of this potentially hazardous situation. The actual drop off is not clearly evident because of the planting of asparagus fern. A pedestrian walking along the walk might not realize that there is indeed a drop of 2"-3".
The plant material used, asparagus fern, is a soft, spongy material that would offer no support to a person who inadvertently steps off into the planted area. Normally the use of a tree grate or the use of gravel that is flush with the level of the walk would be appropriate in this situation.
In my view, this case is not controlled by Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla. 5th DCA), rev. denied, 604 So.2d 486 (Fla.1992), or other "curb" cases, and obvious change of levels in residences and business premises cases, because the change of level which caused Taylor's fall here (at least for the purposes of summary judgment) was obscured by the asparagus ferns growing around the palm tree. Gorin involved a step down from a sidewalk curb to the street. This court held that the step down in Gorin was obvious and open.
Whether the change of levels from the sidewalk to the planters was "obvious" was in dispute, as established by the pictures in the record and the affidavit quoted above. Thus summary judgment was inappropriate. See Moron v. City of New York, 153 A.D.2d 607, 544 N.Y.S.2d 641 (N.Y.App. Div.1989) (whether city was negligent where plaintiff tripped and fell over an empty sidewalk tree well was for the jury to decide); Burns v. City of Philadelphia, 350 Pa.Super. 615, 504 A.2d 1321 (1986) (whether city was negligent for having a recessed tree well on walkway was a jury question).
NOTES
[1] Moore v. Morris, 475 So.2d 666 (Fla.1985); Landers v. Milton, 370 So.2d 368 (Fla.1979); Venezia v. Egan, 671 So.2d 175 (Fla. 5th DCA), rev. denied, 680 So.2d 422 (Fla.1996); Watson v. Hahn, 664 So.2d 1083 (Fla. 5th DCA 1995).
[2] Turner v. PCR, Inc., 754 So.2d 683 (Fla. 2000); Hussain v. Winn Dixie Stores, Inc., 765 So.2d 141 (Fla. 5th DCA 2000); Foster v. Po Folks, Inc., 674 So.2d 843 (Fla. 5th DCA 1996).