841 So.2d 504 (2003)
CITY OF MELBOURNE, Florida, Appellant,
v.
Linda L. DUNN & Jerry Wayne Dunn, Appellee.
No. 5D02-652.
District Court of Appeal of Florida, Fifth District.
February 21, 2003.
Rehearing Denied April 9, 2003.
Douglas T. Noah and Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for Appellant.
Sidney L. Syna, Melbourne, for Appellee.
COBB, W., Senior Judge.
The City of Melbourne appeals a final judgment in favor of Linda Dunn, who was awarded damages for injuries she sustained as a result of a fall in a city park. The city contends that the court erred in denying its motion for directed verdict. We reverse.
Dunn, along with her husband and her grandchild, exited the park and encountered a raised planter. The planter was composed of a perimeter of timber planks forming a rectangle of 21×7 feet. The1 planks forming the perimeter, each 6 inches in height, were stacked one atop the other, for a height of 12 inches. The planter was filled with dirt and mulch, and plants in a staggered formation. Despite the fact that there was a path directly beside the planter, Dunn testified that she thought that the route to the parking lot was over and across this obstruction, rather than around it. Dunn traversed the planter and tripped because, she thought, her foot was caught in a crevice caused by *505 the separation of the planks forming one corner of the planter. Below the surface of the planks, a large nail that seemed to have been intended to secure the corner of the planter was dislodged from one of the planks, and Dunn thought that the strap to her sandal may have been caught by the nail. Although Dunn testified that she walked across the planted area, a witness testified that Dunn walked along the edge of the planter, remaining on the timbers.
An owner of land is not required to give an invitee warning of an obvious danger, and is entitled to assume an invitee will perceive something obvious. Moultrie v. Consolidated Stores International Corp., 764 So.2d 637 (Fla. 1st DCA 2000). Some conditions are so open and obvious, so common and innocuous, that they can be held as a matter of law to not constitute a hidden dangerous condition. Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla. 5th DCA 1992). In the instant case, the photographs in the record, attached hereto, show that the gap between the intersecting planks was a blatant, yawning separation, and Dunn admitted that if she had been looking, she would have seen it. As in Taylor v. Universal City Property Management, 779 So.2d 621, 622 (Fla. 5th DCA 2001), the 21×7×1 foot planter was a "glaringly open and obvious obstacle" for anyone walking out of the park, and Dunn "knew, or should have known" that she mounted and walked on a foot-high planter built of timbers and filled with mulch and plantings. As in Taylor, 779 So.2d at 622, we conclude that anyone walking across this planter "is held to know that this is a hazard to walking." Because Dunn had "ample notice of an open and obvious hazard," she cannot blame the city for her fall. Id.
Furthermore, the city had no duty to make the planter safe for walking, a function for which it was not designed. Compare, McCain v. Florida Power Corporation, 593 So.2d 500 (Fla.1992); Acree v. Hartford South Inc., 724 So.2d 183 (Fla. 5th DCA 1999). The city had no reason to suspect that a grown woman would consider the planter an exit path, or use it to perform a sort of tightrope act, instead of proceeding to the parking lot by simply walking around it along the adjacent path.
REVERSED and REMANDED for entry of judgment for the defendant below, City of Melbourne.
PALMER, J., and HARRIS, Senior Judge, concur. *506