PER CURIAM.
This is the appeal of a summary final judgment entered in favor of Walt Disney World Hospitality & Recreation Corporation, Inc. [“Walt Disney”] in a premises liability action. We reverse.
On March 4, 2002, forty-three-year-old Fatima Aguiar [“Aguiar”] fell and severely injured her knee while stepping off a curb at Walt Disney World’s Magic Kingdom. She and her husband filed suit against Walt Disney, the entity that owns and operates the Magic Kingdom. The complaint alleged that Walt Disney had breached its duty to maintain its premises in a reasonably safe condition and to warn invitees of a known dangerous, hazardous and/or unsafe condition, causing Aguiar to fall and suffer injuries while walking through the park.
Aguiar’s testimony at her deposition revealed that on March 4, 2002, between 7 and 8 p.m., she was walking next to the castle in the Magic Kingdom, headed towards the shops and the exit. The night was clear and it was crowded. She purposefully stepped off the sidewalk and curb with her right foot. She was looking down as she stepped and did not see or feel anything. As she stepped, she went down on all fours, striking her left knee. She was crying for the first two or three minutes after the fall, but then she began to look around to see what had caused her to fall. The “only thing that [she] saw there” was a small piece of rubber sidewalk caulking. The piece was above ground level and bent or folded but was connected to the rest of the caulking. Aguiar as *1234 sumed that it had caused her accident, since it was right next to her on the ground, and nothing else was there. However, on cross-examination, she admitted that she could not be sure what she had slipped on:
Q.... Did you observe your right foot— As you’re looking down stepping off of the curb, did you actually observe your right foot slip on this piece of rubber?
A. No, I didn’t see it.
Q. So afterwards you see this piece of rubber, and you assume that that’s what your foot slipped on?
A. Yes.
Q. But you, in fact, do not know that you actually slipped on that piece of rubber, correct?
A. No.
Walt Disney moved for summary judgment. Aguiar opposed the motion, relying on the deposition of Howell Cundiff, whom Walt Disney had produced as “the person with most knowledge regarding repairs and maintenance to the roadway along Main Street.” According to Aguiar:
[i]n his deposition, Mr. Cundiff testified that loose expansion joint caulk was a tripping hazard and that he would, when he would see such condition, either pull up the loose expansion joint caulk or cut the loose portion with a razor knife. These other Walt Disney World employees may also have personal knowledge about this condition.
Aguiar also argued that the evidence was sufficient to support an inference that the “bent or folded” rubber caulking caused her fall. The trial court entered a nonspeaking order granting summary final judgment in favor of Walt Disney.
Aguiar contends on appeal that the record shows the existence of material issues of disputed fact which should have precluded entry of summary judgment in favor of Walt Disney. She argues that the record shows that “caulking” that extends up above the walkway is recognized by Walt Disney to be a dangerous condition on its premises and that Walt Disney breached its duty to maintain its premises in a reasonably safe condition or to take reasonable measures to guard against injuries from loose or displaced caulking in the expansion joints. She says that all the circumstances attendant to the accident, including her awareness of the curb and the absence of any other cause, allows a reasonable inference that the caulking caused the fall.
A landowner can be held liable for reasonably foreseeable injuries if he should have anticipated or foreseen that the dangerous condition would cause injury despite the fact that the condition may have been open and obvious. See Aaron v. Palatka Mall, L.L.C., 908 So.2d 574 (Fla. 5th DCA 2005); Kersul v. Boca Raton Community Hosp., 711 So.2d 234 (Fla. 4th DCA 1998) (hospital can be held liable to plaintiff who tripped and fell over uneven sidewalk, although condition was open and obvious, based on breach of duty to maintain premises in reasonably safe condition); Pensacola Greyhound Racing, Inc. v. Williams, 193 So.2d 628 (Fla. 1st DCA 1967) (holding that racetrack could be held liable for injuries sustained when patron fell when heel caught in degenerated expansion joint); see also Restatement (Second) of ToRts § 343A (1965).
In this case, the issue of breach of Walt Disney’s duty of care to maintain the premises in a reasonably safe condition is not yet ripe for summary judgment, as there is evidence in the record that the caulking was in a state of disrepair and that Walt Disney knew that loose caulking was a trip hazard. Given the current state of the record, Walt Disney can argue only that there is no evidence that the loose *1235 caulking caused Aguiar to fall. We agree with Aguiar, however, that evidence of the surrounding circumstances would allow a reasonable inference that the exposed caulking caused the fall. Contrary to Walt Disney’s contention, there is no stacking of inferences. Accordingly, we vacate the summary final judgment in favor of Walt Disney and remand for further proceedings. See Petrusha v. Smartparks—Silver Springs, Inc., 914 So.2d 502 (Fla. 5th DCA 2005).
REVERSED and REMANDED.
GRIFFIN, ORFINGER and MONACO, JJ., concur.