PER CURIAM.
 

 Dandal Dampier appeals a final summary judgment entered against him in a trip and fall case. We affirm.
 

 Dampier visited Morgan Tire & Auto, LLC d/b/a Tires Plus (“Tires Plus”) on Enterprise Road in Orange City, Florida, to get an oil change and have the tires on his vehicle rotated. While Dampier’s vehicle was being serviced, he decided to walk to a McDonald’s restaurant down the street. To access a public sidewalk that runs in front of Tires Plus, he walked across a raised landscape planting bed. He successfully negotiated the planting bed on the way to the McDonald’s, but on his return, tripped on a stump in the planting bed and fell headlong into the parking lot, resulting in various injuries.
 

 Dampier brought suit against Tires Plus, alleging that the planting bed was part of a “clearly defined walking path,” that the company had failed to inspect and maintain in a reasonably safe condition by removing stumps within the walking path, and that it had failed to warn of the dangerous condition created thereby. In its answer, Tires Plus denied that the planting bed was a walking path, denied any negligence, and asserted a number of affirmative defenses.
 

 Tires Plus moved for summary judgment, arguing that it had no duty to warn of the stump in the planting bed because the dangerous condition created thereby was open, obvious and apparent. The company also argued it had no duty to make the planting bed safe for walking, as the bed had not been designed for that purpose.
 

 Depositions submitted by the parties showed that Tires Plus fronts on Enterprise Road and has a parking lot that faces the street. The parking lot is bordered by a raised planting bed that runs the length of the property, parallel to Enterprise Road. The planting bed is eight or ten feet wide, is bordered by a raised curb, and is mulched and somewhat sparsely filled with bushes. On the far side of the planting bed is a public sidewalk that also runs parallel to the road. The front door of the business opens to the parking lot, but there is no sidewalk linking the front door of the business to the public sidewalk running along the road. Instead, patrons of Tires Plus wishing to access the public sidewalk must walk to one side of the property and out the driveway. The only other alternative is to walk across the parking lot, step over the curb and walk through the mulched planting bed.
 

 The trial judge entered final summary judgment in favor of Tires Plus. The order explained:
 

 1. The [cjolor picture of the portion of hedge where Plaintiff tripped (which is attached as an [ejxhibit to Mr. Robert
 
 *206
 
 O’Donnell’s deposition) clearly shows that the stump where the Plaintiff tripped was part of the hedge.
 

 2. The stump over which Plaintiff tripped in the incident giving rise to this litigation is so open and obvious as to not constitute a dangerous condition as a matter of law.
 

 This Court reviews de novo the grant of summary judgment in favor of an appellee.
 
 Krol v. City of Orlando,
 
 778 So.2d 490, 491 (Fla. 5th DCA 2001). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.”
 
 Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). While issues of negligence and probable cause are ordinarily questions for the jury if reasonable men can arrive at different conclusions, they become questions of law if the facts point to but one possible conclusion.
 
 Olson v. Crowell Plumbing & Heating Co.,
 
 48 So.3d 139, 143 (Fla. 5th DCA 2010);
 
 Cassel v. Price,
 
 396 So.2d 258, 260 (Fla. 1st DCA 1981).
 

 Generally, a property owner owes two duties to an invitee: (1) the duty to use reasonable care in maintaining the property in a reasonably safe condition; and (2) the duty to warn of latent or concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care.
 
 Aaron v. Palatka Mall, L.L.C.,
 
 908 So.2d 574, 577 (Fla. 5th DCA 2005). The open and obvious nature of a hazard may discharge a landowner’s duty to warn, but it does not discharge the landowner’s duty to maintain the property in a reasonably safe condition.
 
 See Pittman v. Volusia Cnty.,
 
 380 So.2d 1192 (Fla. 5th DCA 1980).
 

 Nonetheless, some conditions are so obvious and not inherently dangerous that they can be said, as a matter of law, not to constitute a dangerous condition, and will not give rise to liability due to the failure to maintain the premises in a reasonably safe condition.
 
 See, e.g., Schoen v. Gilbert,
 
 436 So.2d 75 (Fla.1983) (holding difference in floor levels is not inherently dangerous condition, even in dim lighting, so as to constitute failure to use due care for safety of person invited to premises). Other conditions are dangerous, but are so open and obvious that an invitee may be reasonably expected to discover them and to protect himself.
 
 See, e.g., Ashcroft v. Calder Race Course, Inc.,
 
 492 So.2d 1309, 1311 (Fla.1986). The rule applied in these circumstances is to absolve the landowner of liability unless the landowner should anticipate or foresee harm from the dangerous condition despite such knowledge or obviousness.
 
 Id.; Etheredge v. Walt Disney World Co.,
 
 999 So.2d 669, 672 (Fla. 5th DCA 2008);
 
 Aguiar v. Walt Disney World Hospitality,
 
 920 So.2d 1233, 1234 (Fla. 5th DCA 2006).
 

 Landscaping features are generally found not to constitute a dangerous condition as a matter of law.
 
 See, e.g., K.G. v. Winter Springs Cmty. Evangelical Congregational Church,
 
 509 So.2d 384 (Fla. 5th DCA 1987) (holding tree with surrounding brick border on which child struck his knee while playing football was not a dangerous condition or concealed peril; therefore, church had no duty to warn or take other precautionary measures). Moreover, a number of cases have held that a landowner has no liability for falls which occur when invitees walk on surfaces not designed for walking, such as planting beds.
 
 See City of Melbourne v. Dunn,
 
 841 So.2d 504 (Fla. 5th DCA 2003);
 
 Taylor v. Universal City Prop. Mgmt.,
 
 779 So.2d 621 (Fla. 5th DCA 2001);
 
 Prager v. Marks Bros.,
 
 483 So.2d 881 (Fla. 3d DCA 1986).
 

 
 *207
 
 In
 
 Taylor,
 
 a woman twisted and injured her knee when she stepped on the edge of one of a series of tree planters running the length of a street at Universal Studios. A metal rim circled the cut-out for the planter. The plaintiff saw both the tree and the planter before her fall, and was not looking where she was going at the time she fell. In affirming a summary judgment entered in favor of the theme park, this Court explained:
 

 The law provides that some injury-causing conditions are simply so open and obvious that they can be held as a matter of law not to give rise to liability as dangerous conditions.
 
 Circle K Convenience Stores, Inc. v. Ferguson,
 
 556 So.2d 1207 (Fla. 5th DCA 1990).
 
 See also Rosenfeld v. Walt Disney World Co.,
 
 651 So.2d 811 (Fla. 5th DCA 1995);
 
 Gorin v. City of St. Augustine,
 
 595 So.2d 1062 (Fla. 5th DCA 1992). Important to the appellee’s motion for summary judgment was the attachment of photographs depicting these planters. Taylor testified in her deposition that the condition depicted in the photographs is substantially the same as the condition she encountered; the only uncertainty being whether the plantings around the base of the palm consisted of flowers or greenery. These photographs demonstrate two things dramatically: first, that the obstacle represented by the six-foot diameter planter with the palm tree in the middle and the planting all around represents a glaringly open and obvious obstacle for anyone walking either on the walkway or the street; and second, that Taylor knew, or should have known, that she was walking into a planter containing shrubbery and/or flowers with a large tree in the middle, all planted in dirt. Taylor appears to concede all this; she contends, however, that Universal is liable for her injury because it was not obvious that there was a change in the surface level between the sidewalk and the dirt of approximately three inches and it was this three-inch change in the ground level that caused her to fall.
 
 The trial court concluded, however, and we agree, that anyone who walks into a planter containing a Washington palm, greenery and/or flowers and dirt is held to know that this is a hazard to walking. The precise nature of the hazard need not be observable. Such a change in level caused by the change in materials and surface texture and the effect on footing is to be expected.
 

 779 So.2d at 622 (emphasis added).
 

 In
 
 Dunn,
 
 a woman fell when she walked in or along the raised timbers of a large planting bed located near a park exit. She thought the strap of her sandal may have caught on a large nail that had become dislodged from the landscaping timbers. This Court held that the City of Melbourne could not be held liable for her fall because the City had no duty to make the planter safe for walking, as it was not foreseeable that the surface would be used for walking, a function for which it was not designed. 841 So.2d at 505. This Court also felt that the condition was so open and obvious that, as a matter of law, it could not be deemed a hidden dangerous condition.
 
 Id,.
 
 The opinion reasoned:
 

 An owner of land is not required to give an invitee warning of an obvious danger, and is entitled to assume an invitee will perceive something obvious.
 
 Moultrie v. Consolidated Stores International Corp.,
 
 764 So.2d 637 (Fla. 1st DCA 2000). Some conditions are so open and obvious, so common and innocuous, that they can be held as a matter of law to not constitute a hidden dangerous condition.
 
 Gorin v. City of St. Augustine,
 
 595 So.2d 1062 (Fla. 5th DCA 1992). In the instant case, the photographs in the record, attached hereto,
 
 *208
 
 show that the gap between the intersecting planks was a blatant, yawning separation, and Dunn admitted that if she had been looking, she would have seen it. As in
 
 Taylor v. Universal City Property Management,
 
 779 So.2d 621, 622 (Fla. 5th DCA 2001), the 21x7x1 foot planter was a “glaringly open and obvious obstacle” for anyone walking out of the park, and Dunn “knew, or should have known” that she mounted and walked on a foot-high planter built of timbers and filled with mulch and plantings. As in
 
 Taylor,
 
 779 So.2d at 622, we conclude that anyone walking across this planter “is held to know that this is a hazard to walking.” Because Dunn had “ample notice of an open and obvious hazard,” she cannot blame the city for her fall.
 
 Id.
 

 Furthermore, the city had no duty to make the planter safe for walking, a function for which it was not designed.
 
 Compare, McCain v. Florida Power Corporation,
 
 593 So.2d 500 (Fla.1992);
 
 Acree v. Hartford South Inc.,
 
 724 So.2d 183 (Fla. 5th DCA 1999). The city had no reason to suspect that a grown woman would consider the planter an exit path, or use it to perform a sort of tightrope act, instead of proceeding to the parking lot by simply walking around it along the adjacent path.
 

 Id.
 

 Finally, in
 
 Prager,
 
 the Third District found no negligence on the part of a business owner constructing a large flowerbox along the street. The plaintiff slipped on the dirt and fell while walking in the flow-erbox. The Third District affirmed a final summary judgment entered in favor of the business owner, explaining that “the unfinished flowerbox did not represent, in any sense, a dangerous condition for which a warning, as urged, was necessary.” 483 So.2d at 881.
 

 In this case, Dampier was injured when he walked through a large planting bed to get from a sidewalk outside the premises back to the parking lot of Tires Plus. As in
 
 Dunn, Taylor
 
 and
 
 Prager,
 
 the planting bed, and the stump within the planting bed, did not constitute a dangerous condition that could give rise to liability on the part of Tires Plus due to the alleged failure to maintain the premises in a reasonably safe condition. Likewise, there was no duty to warn Dampier of the danger of walking in the planting bed, because the planting bed and stump did not constitute a dangerous condition when used as a planting bed and not for walking.
 

 AFFIRMED.
 

 ORFINGER, C.J., EVANDER and COHEN, JJ., concur.