CIKLIN, J.
Sherwin Wolf appeals the order granting final summary judgment in favor of Sam’s East, Inc. (“Sam’s Club”). Wolf argues the trial court erred by entering summary judgment because there was a genuine issue of material fact as to whether Sam’s Club breached its duty to make the premises reasonably safe for invitees by failing to trim or remove above-ground tree roots from a landscaping area. We disagree because Sam’s Club had no duty to make its landscaping areas safe for walking when Sam’s Club had already provided concrete walkways for invitees to cross the landscaping areas. Accordingly, we affirm the summary judgment.
Facts
Wolf went to Sam’s Club for the purpose of making a purchase within the store. He parked his car in the Sam’s Club parking lot. The parking lot had landscaping areas with dirt, trees, grass, and mulch. The landscaping areas were a few feet wide, were not curbed, and had concrete walkways that allowed persons to cross from one side of the landscaping area to the other without the need to step into the landscaping area itself. There were no signs directing persons to use the concrete walkways.
Wolf exited his vehicle and attempted to traverse a landscaping area located between his parking spot and the Sam’s Club entrance. In a deposition, Wolf testified that he was aware there were concrete walkways located throughout the landscaping areas, but nevertheless chose to enter and cross the landscaping area because it was a shorter distance from his car to the store entrance. When crossing the landscaping area, Wolfs foot caught on a tree root and Wolf fell on a concrete parking stop. Wolf stated he was aware there were trees in the landscaping areas, but that he had “not consciously” noted the tree roots before the accident. Wolf was injured by the fall, and he was taken by ambulance to a hospital.
Wolf sued Sam’s Club, alleging the store breached its duty to maintain the premises in a reasonably safe condition by allowing the tree roots to grow above-ground in the landscaping areas. Wolf also alleged Sam’s Club failed to warn him of the latent danger posed by the tree roots, which Wolf alleged were obscured by grass and leaves.
*307 During discovery, Sam’s Club disclosed that two other persons had tripped over tree roots when crossing the landscaping areas in the three years before Wolfs accident. In a deposition, a Sam’s Club employee testified that Sam’s Club was responsible for evaluating potential hazards to Sam’s Club members in the Sam’s Club parking lot. The employee also stated that Sam’s Club contracted with a landscaping service for routine landscaping duties, but that something as extraordinary as tree root removal would not be part of regular landscape maintenance and would require a specific request from Sam’s Club.
Sam’s Club moved for summary judgment, arguing that even taking the evidence in the light most favorable to Wolf, he was solely liable for the accident because he chose to walk across the landscaping area even though he knew there were concrete walkways for that purpose. The court denied the motion. Sam’s Club then moved for rehearing and reconsideration, citing the then recently issued opinion Dampier v. Morgan Tire & Auto, LLC, 82 So.3d 204 (Fla. 5th DCA 2012). Upon reconsideration, the court entered final summary judgment in favor of Sam’s Club.
Wolf now appeals the entry of summary judgment.
Analysis
“A trial court’s entry of a final summary judgment is reviewed de novo. When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.” Burton v. MDC PGA Plaza Corp., 78 So.3d 732, 733 (Fla. 4th DCA 2012) (citations and quotation marks omitted).
“A landowner or occupier owes an invitee two independent duties: (1) to maintain the premises in a reasonably safe condition, and (2) to give warning of concealed perils.” Id. at 734 (citation omitted). As this court and other Florida courts have stated:
The obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious.
Aaron v. Palatka Mall, L.L.C., 908 So.2d 574, 576-77 (Fla. 5th DCA 2005) (citation omitted); see also Spatz v. Embassy Home Care, Inc., 9 So.3d 697, 698-99 (Fla. 4th DCA 2009).
Sam’s Club relies primarily on Dampier v. Morgan Tire & Auto, LLC, to argue that it had no duty to make the landscaping areas in its parking lot fit for pedestrian traffic. In Dampier, the plaintiff was an invitee of a Tires Plus store who walked to a nearby McDonald’s restaurant. 82 So.3d at 205. To reach the restaurant, the plaintiff chose to walk across a raised, curbed planting bed that was eight to ten feet wide. The plaintiff tripped on a tree stump in the planting bed. The trial court granted summary judgment in favor of the store because the stump was “so open and obvious as to not constitute a dangerous condition as a matter of law.” Id. at 206.
On appeal, the Fifth District affirmed the summary judgment. Id. at 208. The court acknowledged that the open and obvious nature of a hazard does not discharge the landowner’s duty to maintain the property in a reasonably safe condition, but wrote “[n]onetheless, some conditions are so obvious and not inherently dangerous that they can be said, as a matter of law, not to constitute a dangerous condition, and will not give rise to liability due to the failure to maintain the premises in a reasonably safe condition.” *308 Id. at 206 (citation omitted). Relying on a line of Fifth District and Third District cases, the court wrote that “[l]andseaping features are generally found not to constitute a dangerous condition as a matter of law.... [A] landowner has no liability for falls which occur when invitees walk on surfaces not designed for walking, such as planting beds.” Id. (citing City of Melbourne v. Dunn, 841 So.2d 504 (Fla. 5th DCA 2003); Taylor v. Universal City Prop. Mgmt., 779 So.2d 621 (Fla. 5th DCA 2001); K.G. v. Winter Springs Cmty. Evangelical Congregational Church, 509 So.2d 384 (Fla. 5th DCA 1987); Prager v. Marks Bros. Co., 483 So.2d 881 (Fla. 3d DCA 1986)). The court concluded that “the planting bed, and the stump within the planting bed, did not constitute a dangerous condition that could give rise to liability ... due to the alleged failure to maintain the premises in a reasonably safe condition.” Id. at 208. The court also concluded the store had no duty to warn the plaintiff “of the danger of walking in the planting bed, because the planting bed and stump did not constitute a dangerous condition when used as a planting bed and not for walking.” Id.
As to the instant case, we find that the tree roots in the landscaping areas were “so obvious and not inherently dangerous” as to constitute a non-dangerous condition as a matter of law. Id. at 206. Our conclusion is reinforced by the fact that Wolf could have easily and safely crossed the landscaping area using a concrete walkway located only a few feet away from where he fell. Wolf testified in his deposition that he knew the walkway existed but chose not to use it.
We are not persuaded by Wolfs arguments that the above-ground tree roots were not easily visible. As the Fifth District stated:
[Ajnyone who walks into a planter containing a Washington palm, greenery and/or flowers and dirt is held to know that this is a hazard to walking. The precise nature of the hazard need not be observable. Such a change in level caused by the change in materials and surface texture and the effect on footing is to be expected.
Taylor, 779 So.2d at 622.
Like the court in Taylor, we conclude that anyone who walks into a landscaping area containing trees, grass, and mulch is held to know that the landscaping area presents “a hazard to walking,” particularly when concrete traverses have been specifically constructed to prevent this type of accident. See id. Under these facts, we find that Sam’s Club had no duty to make the landscaping areas safe for a pedestrian’s encroachment. See Dampier, 82 So.3d at 208.
We also reject Wolfs arguments that reversal is required because two other persons had tripped on the tree roots during the three years before Wolfs accident. Wolf relies on Williams v. Madden, 588 So.2d 41 (Fla. 1st DCA 1991). In that case, the plaintiff fell on a step in a hotel restaurant. Id. at 42. The plaintiff was informed by hotel staff that other persons had fallen due to the same condition. The trial court granted summary judgment in favor of the hotel, reasoning that the danger posed by the step was “open and obvious” and that the plaintiff admitted she was aware of the step. Id. at 43.
On appeal, the First District reversed the summary judgment. The court acknowledged that “Florida courts have applied the general rule that it is not negligence for the proprietor of a public place to maintain steps or uneven floor levels and fail to give warning of such conditions to invitees.” Id. (citation omitted). Nevertheless, the court concluded that sum *309 mary judgment was inappropriate because the hotel staff member admitted that prior invitees had fallen due to the same condition. The court wrote: “Evidence of the occurrence or non-occurrence of prior accidents can serve to prove whether the proprietor of a business should have anticipated harm to his invitees despite the obviousness of the condition.” Id. (citations omitted). The court concluded that “[t]he issue of [the hotel owner’s] negligence, if any, must be resolved by a jury.” Id. at 44.
The instant case is distinguishable from Williams because in that case the falls occurred in an area that was apparently intended for walking. In contrast, Wolf fell because he was knowingly cutting through a landscaping area rather than using the concrete walkways designed for that purpose. Under the facts of this case, we determine that the prior falls did not create a duty on the part of Sam’s Club to make the landscaping areas safe for pedestrian traffic.

Affirmed.

GROSS and MAY, JJ., concur.