# Third District Court of Appeal

**State of Florida**

Opinion filed May 4, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1874
Lower Tribunal No. 13-20042
_____

**Patricia Grimes,**
Appellant,

vs.

**Family Dollar Stores of Florida, Inc., et al.,**
Appellees.


An appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Law Offices of Robin Bresky and Robin Bresky and Jonathan T. Mann (Boca Raton), for appellant.

Conroy Simberg and Diane H. Tutt, B.C.S. and Hinda Klein, B.C.S. (Hollywood), for appellees.


Before SUAREZ, C.J., and FERNANDEZ and LOGUE, JJ.

SUAREZ, C.J.

Patricia Grimes appeals from an adverse final summary judgment as to

defendants Family Dollar Stores of Florida, Inc., the Marguerite M. Larsen Trust,

and AFM Group, LLC.  We affirm summary judgment as to Family Dollar Store. We reverse summary judgment as to the remaining defendants, as the record contains genuine issues of material fact precluding summary judgment.[1]

Family Dollar Store is a commercial tenant located in a shopping mall where it leases space along with other commercial tenants.  The landowner is the Marguerite M. Larsen Trust ["Trust"], and the long term lessee of the property is AFM Group ["AFM"].  The parking lot of the mall is divided into rows separated by curbed landscaped areas.  There are paved pedestrian walkways within the parking areas.  The landscaped areas contain grass, dirt, trees and re-bar tree tie-downs, and are bordered by concrete curbs.  The Trust and AFM hire a company to maintain the landscaped areas.

Grimes, intending to shop at Family Dollar, walked through the parking lot and across one of the landscaped areas located directly across from the Dollar Store.  While crossing the landscaped area she tripped over a short steel re-bar which was protruding out of the ground and was not tied to or supporting any trees or shrubs.  She claims to have injured her knee in the fall.  Grimes sued the Family Dollar Store, the Trust, and AFM, for negligence.  She alleged negligent failure to

---

[1] "Summary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." The Florida Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006).  It is proper only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c).  The granting of summary judgment presents a pure issue of law that is reviewed by the District Court of Appeal de novo. Greene, 926 So.2d at 1200.

maintain the premises in a reasonably safe condition, negligent failure to correct a dangerous condition of which appellees, with reasonable care, should have known, and negligent failure to warn business invitees of a dangerous condition. She alleged the appellees breached their duty to her by allowing the re-bar to protrude from the ground in a concealed dangerous condition, in a well-worn path through the landscape area used by business invitees as a shortcut to the Family Dollar Store's entrance.

The trial court heard arguments from all parties and granted summary judgment to all three defendants. The trial court relied on the reasoning in Wolf v. Sam's East, Inc., 132 So. 3d 305 (Fla. 4th DCA 2014), in granting final summary judgment for all defendants. Wolf is distinguishable and does not apply to the facts of this case. The plaintiff in Wolf tripped over a tree root as he took a short cut from the parking lot through a landscaped area. The landscaped area was not designed for, nor was it used by, pedestrians. The Wolf court, in granting final summary judgment for the defendant, found that,

> [a]nyone who walks into a landscaping area containing trees, grass, and mulch is held to know that the landscaping area presents a 'hazard to walking' particularly when concrete traverses have been specifically constructed to prevent this type of accident. . . . Wolf fell because he was knowingly cutting through a landscaping area rather than use the concrete walkways designed for that purpose.

The Wolf court concluded that "the tree roots in the landscaping areas were 'so obvious and not inherently dangerous' as to constitute a non-dangerous condition

3

as a matter of law." Other recent cases have also held that a landowner has no liability for falls that occur when an invitee walks on surfaces not designed for walking, such as planting beds. See, e.g., Dampier v. Morgan Tire & Auto, LLC, 82 So. 3d 204, 206 (Fla. 5th DCA 2012) (holding no duty to warn where the contents of the planting bed did not constitute a dangerous condition when used as a planting bed and not for walking); City of Melbourne v. Dunn, 841 So. 2d 504 (Fla. 5th DCA 2003) (holding City had no duty to make planter safe for walking because it was not foreseeable that it would be used for that function); Taylor v Universal City Prop. Mgt., 779 So. 2d 621 (Fla. 5th DCA 2001) ("anyone who walks into a [planted area] is held to know that this is a hazard to walking . . . the precise nature of the hazard need not be observable."). These cases are distinguishable, however, precisely because the "landscaped" parking lot feature was not used for foot traffic. The "landscaped" area in the present case allegedly had been in continuous and obvious use as a pedestrian shortcut for some time, raising the issue of notice to the defendants with regard to their duty to invitees.[2]

Generally, a property owner or occupier owes two duties to an invitee: (1) the duty to use reasonable care in maintaining the property in a reasonably safe

---

[2] The record evidence shows the area in the middle of the landscape feature was once planted with grass but has been so trampled by foot traffic it is now just a dirt area in front of the store. In fact, the record photographic evidence shows a garbage can has been placed inside the landscape feature right next to the trampled footpath area. This raises issues of fact regarding who, whether tenant, owner, or lessee, had notice that the footpath area was so heavily used by mall patrons that it needed a garbage can, and placed it there.

condition, and; (2) the duty to warn of latent or concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care. Aaron v. Palatka Mall, LLC, 908 So. 2d 574, 577 (Fla. 5th DCA 2005). The open and obvious nature of a hazard may discharge a landowner's duty to warn, but it does not discharge the landowner's duty to maintain the property in a reasonably safe condition. Dampier, 82 So. 3d at 206; Aaron, 908 So. 2d at 576–77. To that end, the plaintiff must generally prove that the owner of the premises had actual or constructive notice of the dangerous condition. Schaap v. Publix Supermarkets, Inc., 579 So. 2d 831, 834 (Fla. 1st DCA 1991). A defendant owner or occupant may be held liable for injuries if the dangerous condition existed for a sufficient length of time to charge the defendant with constructive knowledge. See Evens v. Eastern Air Lines, Inc., 468 So. 2d 1111 (Fla. 1st DCA 1985); Winn-Dixie Stores, Inc. v. Guenther, 395 So. 2d 244 (Fla. 3d DCA 1981). Constructive knowledge may be inferred if a dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant. Schaap, 579 So. 2d at 834.

There is evidence in this record to suggest the landscaped area in front of the Dollar Store had become a well-trampled dirt footpath used by business invitees. The question then is whether the defendants allowed the condition to exist for enough time to place them on constructive notice of its existence, and to preclude summary judgment.[3] Therefore, triable issues exist as to whether a dangerous

5

condition existed, whether it was open and obvious and whether constructive knowledge may be inferred that the dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have or should have been known to the defendant(s). See Hannewacker v. City of Jacksonville Beach, 419 So. 2d 308 (Fla. 1982) (holding that photographs may constitute tangible evidence of the scene of an accident sufficient to raise an inference as to the length of time the defect was present); Leon v. City of Miami, 312 So. 2d 518, 519 (Fla. 3d DCA 1975) (finding photos of the hazard constituted tangible evidence of the scene sufficient to raise an inference as to the length of time the defect was present, which is a jury question); Gonzalez v. Tallahassee Med. Ctr., Inc., 629 So. 2d 945, 947 (Fla. 1st DCA 1993) ("[P]roof a dangerous condition existed long enough so that it should have been discovered may be proved by circumstantial evidence); Camina v. Parliament Ins. Co., 417 So. 2d 1093 (Fla. 3d DCA 1982) (circumstantial evidence may be sufficient to show that dangerous condition existed for such length of time as to charge owner with constructive notice so as to make the issue one to be resolved by jury); Winn-Dixie Stores, Inc., 395 So. 2d at 244; Gross v. Hatmaker, 173 So. 2d 158 (Fla. 2d DCA 1965).

If the parties responsible for maintaining the parking lot and landscaped features allowed this particular landscaped area to become a regularly used

[3] The photographs of the area were correctly placed before the trial court as part of the record on summary judgment, and demonstrate the existence of material issues of fact sufficient to preclude summary judgment.

footpath in the parking lot they controlled, they then may have a duty to anticipate the harm, whether or not the artificial re-bar hazard within that location was open and obvious. See Aaron v. Palatka Mall, LLC, 908 So. 2d 574, 577 (Fla. 5th DCA 205) ("[T]he courts generally agree that the obvious danger doctrine does not apply when negligence is predicated on breach of the duty to maintain the premises in a reasonably safe condition."). Furthermore, the hazard was not a natural hazard such as a tree root, but an arguably not-so-obvious, man-made length of re-bar sticking up only a few inches from the ground. The record evidence presents issues of material fact precluding summary judgment as to the Trust and AFM as the parties responsible for maintaining the mall parking lot and landscaping.

Courts must be particularly restrained in granting summary judgment in negligence cases and summary judgment should not be granted "unless the facts are so crystallized that nothing remains but questions of law." Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it. Id. at 668. The existence of negligence or contributory negligence is ordinarily a question for the jury; this is true even where there is no conflict in the evidence, provided that inferences reasonably deducible therefrom cast doubt upon material issues. Booth v. Mary Carter Paint Company, 182 So. 2d 292 (Fla. 2d DCA 1966); Shapiro v. F. W. Woolworth, 120 So. 2d 806, 807 (Fla.

7

3d DCA 1960). Whenever questions of negligence or contributory negligence are close, any doubt should always be resolved in favor of a jury trial. Beikirch v. City of Jacksonville Beach, 159 So. 2d 898 (Fla. 1st DCA 1964).

Viewing the record in a light most favorable to the non-moving party Plaintiff, we conclude she has established sufficient material questions of fact as to the Trust's and AFM's constructive knowledge of a footpath allegedly habitually used by pedestrian business invitees, and genuine disputed issues as to the open and obvious nature of the hazard and its foreseeability, sufficient to preclude summary judgment. We therefore reverse the summary judgments as to the Larsen Trust and AFM Group and remand for further proceedings. We affirm the summary judgment as to the commercial tenant Family Dollar Store as the record shows that ownership, control, and maintenance of the parking lot was solely that of the Trust and AFM.

Affirmed in part, reversed and remanded in part.